Tom Buchele, OSB No. 081560
Earthrise Law Center
10101 S. Terwilliger Blvd.
Portland OR  97219-7799
Telephone: 503-768-6736
Fax: 503-768-6642
E-mail: tbuchele@lclark.edu

Jesse A. Buss, OSB No. 122919
Willamette Law Group
411 Fifth Street
Oregon City OR 97045-2224
Tel: 503-656-4884
Fax: 503-608-4100
Email: jesse@WLGpnw.com

Attorneys for Plaintiff Blue Mountains Biodiversity Project

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PENDLETON DIVISION

| | |
|---|---|
| **BLUE MOUNTAINS BIODIVERSITY PROJECT**, an Oregon non-profit corporation; | Case No. 2:20-cv-2158-SU |
| Plaintiff, | **JOINT PROPOSED INITIAL CASE MANAGEMENT SCHEDULE** |
| v. | |
| **SHANE JEFFRIES**, in his official capacity as Ochoco National Forest Supervisor; and **UNITED STATES FOREST SERVICE**, an agency of the United States Department of Agriculture. | |
| Defendants. | |

Page 1:      JOINT PROPOSED INITIAL CASE MANAGEMENT SCHEDULE

The parties jointly propose a schedule for the filing of, and briefing of any potential challenges to, the administrative record, which the parties propose Defendants to lodge on March 26th.  In addition, the parties set forth their separate positions on scheduling briefing on the merits of this case.

The parties agree that the claims in this case involve review of an administrative record and are therefore exempt from initial disclosures and discovery planning requirements set forth in the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 26(a)(1)(B)(i), 26(f)(1). In administrative record review cases, judicial review does not concern disputed facts that the court must resolve. Instead, "the function of the district court is to determine whether or not, as a matter of law, the evidence in the Administrative Record permitted the agency to make the decision it did," and "summary judgment is an appropriate mechanism for deciding the legal question of whether the agency could reasonably have found the facts as it did. *Occidental Eng'g Co. v. INS*, 753 F.2d 766, 769-70 (9th Cir. 1985).

While the parties anticipate that Plaintiff's claims will ultimately be resolved on cross-motions for summary judgment, Plaintiff believes it will suffer irreparable harm if work under the contract implementing the Walton Lake Restoration Project (the "Project") begins before this litigation is resolved.[1] Work under the contract is currently scheduled to begin no sooner than September 2021. Should that proposed start date occur before September 2021, Defendants have agreed to provide Plaintiff with notice of that change at

---

[1] Work that does not fall under the contract, and that is ongoing or anticipated to be completed before September 2021, includes: refreshing contract boundaries, reposting boundary tags, remarking cut trees in thinning units, recruising timber, working with a Landscape Architect to ensure that scenic quality objectives are met, felling hazard trees before the Walton Lake Campground is opened for the 2021 season, and moving the felled trees off of roads, paths, and parking areas within the Walton Lake Developed Recreation Area.

Page 2:        JOINT PROPOSED INITIAL CASE MANAGEMENT SCHEDULE

least three weeks prior to the start of contract implementation. Once such notice is provided, Defendants will not commence any Project activities until the three-week period has elapsed.

If this matter cannot be fully resolved on the merits before September 2021, or if Defendants provide Plaintiff with an earlier implementation date, Plaintiff reserves the right to seek preliminary relief. Plaintiff believes that such relief would be necessary to prevent irreparable harm to its interests. Defendants do not agree that Plaintiff would suffer irreparable harm if work proceeds under the contract.

The parties conferred and jointly propose the following initial case management schedule:

- **February 5, 2021**: Defendants provided a copy of the administrative record to Plaintiff on one Universal Serial Bus (USB) drive. Plaintiffs reviewed the administrative record.

- **March 5, 2021**: Plaintiff informed Defendants in writing as to any materials that it asserts are necessary to supplement or complete the administrative record.  On March 11, Plaintiff sent Defendants a few requested additions.  The parties conferred, in good faith, in an attempt to resolve any issues informally.

- **March 22, 2021:**  If, at the conclusion of the conferral process, the parties cannot come to a resolution regarding objections to the administrative record, Plaintiff will file a motion to supplement, complete, and/or correct the administrative record.

- **March 26, 2021:** Defendants will lodge the administrative record that they provided to Plaintiff on February 5th and with any agreed to changes with the Court on a USB drive.

- **April 5, 2021**: Defendants will file a brief in opposition to Plaintiff's motion to supplement or complete the administrative record.

Page 3:          JOINT PROPOSED INITIAL CASE MANAGEMENT SCHEDULE

- **April 12, 2021**: Plaintiff will file a reply in support of their motion to supplement or complete the administrative record.

The above represents the parties' scheduling agreement as to the administrative record only. However, after conferring in good faith, the parties were unable to agree on further scheduling matters. Plaintiff's position is that a briefing schedule for summary judgment should not be entered until after any legal challenge to the administrative record is resolved. Defendants' position is that a briefing schedule for summary judgment can and should be entered at this time and the parties should brief summary judgment while any administrative record challenge is pending. Accordingly, as set forth below, Plaintiff and Defendants are each separately submitting, for the Court's consideration, scheduling proposals regarding summary judgment.

**Defendants' Proposed Summary Judgment Briefing Schedule:**

Defendants respectfully request that the Court enter a scheduling order, at this time, which includes a schedule for briefing cross-motions for summary judgment. This Project has now been delayed for several years and Defendants believe that for the Project to be completed before the Walton Lake campground reopens in the spring/summer of 2022, work will need to commence in September 2021. In the event that Plaintiff brings a motion challenging the sufficiency of the administrative record, that motion can be resolved either before briefing on summary judgment commences or while summary judgment briefing takes place. In the latter case, Plaintiffs can attach any materials they believe should have been included in the administrative to their summary judgment brief and Defendants can move to strike the inclusion of those attachments, if appropriate. In Defendant counsel's experience, parties have successfully resolved a plaintiff's challenge to the sufficiency of an administrative record in a

Page 4:         JOINT PROPOSED INITIAL CASE MANAGEMENT SCHEDULE

case under the Administrative Procedure Act ("APA") without needless delay to resolution of the

underlying merits of Plaintiff's claims in precisely this way.  *See e.g., Los Padres Forest Watch*

*v. U.S. Forest Serv.*, (C.D. Cal.), No. 2:19-cv-5925), Feb. 11, 2020 Order Setting Briefing

Schedule, ECF No. 36, attached hereto as Ex. 1; *see also Wild Wilderness v. Allen*, No. 6:13-cv-

0523-TC (D. Or.) June 18, 2013 Minute Order, ECF No. 14. [2]  This allows the Court to resolve

any challenges to the administrative record either before or when it rules on the underlying

merits.  And it allows the Court to resolve the case without Plaintiff seeking emergency briefing

caused by its delay in briefing the merits of its case.

Plaintiff complains below that it cannot litigate its case without a "settled evidentiary

record."  However, this case is one that is brought under the Administrative Procedure Act and

will therefore be resolved "on the administrative record already in existence, not some new

record made initially in the reviewing court."  *Camp v. Pitts*, 411 U.S. 138, 142 (1973).  That is

the focal point of judicial review in an APA case.  *Id.*  To the extent that Plaintiff seeks to

supplement that record, this Court can resolve both the merits of the case and any motion to

supplement the record at the same time.  To allow Plaintiff to delay judicial review of the merits

of its claim through motions practice on the sufficiency of the administrative record would

merely delay this Court's resolution of the merits and manufacture an emergency of Plaintiff's

own creation.

Below, Plaintiff also complains that it will be in an "impossible position" were it to

litigate the case while the Court resolves a potential motion challenging the administrative

record, or that this Court would somehow abuse its discretion in resolving the merits of a case at

---

[2] The text of that order states:  "Plaintiff will notify defendant of any concerns regarding the administrative record by 9/6/2013.  Plaintiffs' Dispositive Motions are due by 9/27/2013."

Page 5:        JOINT PROPOSED INITIAL CASE MANAGEMENT SCHEDULE

the same time that is resolves an administrative record motion.  Plaintiff offers no authority to support these claims and they are plainly incorrect.  As the *Los Padres ForestWatch* case cited above demonstrates, parties can brief the merits of an APA challenge to agency action while proceeding to resolve any potential dispute that a plaintiff may have with the administrative record that is lodged with the court.  The parties can do so in this case as well.  This Court has wide discretion to manage its cases and should exercise that discretion here.

Because work on the Project could commence as early as September 2021, to avoid additional briefing on a potential motion seeking preliminary relief brought by Plaintiffs and to allow the Court time to consider and rule on the merits of the case, Defendants propose the following briefing schedule.  The following proposed schedule aims to have the merits of the case fully briefed by July 7, 2021, with the hope that the Court can resolve the case prior to the commencement of work under the contract.

Defendants propose the following schedule for briefing summary judgment:

- **April 28, 2021**:  Plaintiff will file a Motion for Summary Judgment and memorandum in support.  Plaintiff's' Summary Judgment Motion and Memorandum shall be limited to 40 pages in length, excluding caption, signature block, and any certificates of service or compliance.

- **May 26, 2021**:  Defendants will file a combined Cross-Motion for Summary Judgment and memorandum in support.  Defendants' combined Cross-Motion for Summary Judgment and memorandum in support shall be limited to 40 pages in length, excluding caption, signature block, and any certificates of service or compliance.

- **June 16, 2021**:  Plaintiff will file a combined Response to Defendants' Cross-Motion for Summary Judgment and Reply in Support of Plaintiff's Motion for Summary Judgment.

Plaintiff's combined Response and Reply shall be limited to 35 pages in length,

excluding caption, signature block, and any certificates of service or compliance.

- **July 7, 2021**:  Defendants will file Reply in Support of their Cross-Motion for Summary

  Judgment.  Defendants' Reply shall be limited to 35 pages in length, excluding caption,

  signature block, and any certificates of service or compliance.


**Plaintiff's proposal to resolve the administrative record before setting a summary**

**judgment briefing schedule:**

The claims in this case are exclusively based, and will be exclusively decided, on the

Administrative Record (AR). But the AR is not yet settled. Put mildly, and as explained below, it

would be inappropriate to require the parties to brief summary judgment before the Court settles

the AR. The Court should therefore decline to adopt Defendants' proposed summary judgment

briefing schedule. An appropriate approach to scheduling the summary judgment briefing in this

case would involve waiting until *after* the Court resolves the AR dispute. Specifically, the Court

should order to parties to confer about a schedule for briefing summary judgment within fourteen

(14) days following the Court's settling of the AR. With this approach, Plaintiff is not forced to

brief summary judgment without the benefit of a settled record.

Defendants have provided Plaintiff with the AR, and Plaintiff has already identified

numerous problems with it (only a few of which have been resolved by informal conferral with

counsel for Defendants). Chief among them, and one which Defendants have indicated they do

not plan to correct, is Defendants' failure to include a privilege log with the AR. And that is but

one example of many. Therefore, while the parties have resolved some of their disputes

regarding the AR, it is apparent to Plaintiff that the parties will ultimately require the Court's

intervention to settle the AR. That will take time.

Per the parties' joint proposed schedule (above), Plaintiff's motion to complete/correct the AR is due on March 22nd, and the AR-related briefing will conclude on April 12th. Defendant argues *supra* that "[the AR] motion can be resolved either before briefing on summary judgment commences or while summary judgment briefing takes place." But the former is unlikely under Defendant's proposed schedule, and the latter is completely inappropriate. First, under Defendants' proposed summary judgment briefing schedule, it is unrealistic to expect the Court to settle an AR dispute before Plaintiff's summary judgment motion is due. Under Defendants' proposal, Plaintiff's summary judgment motion would be due only *twelve business days* after Plaintiff's AR reply brief is due, on April 28th, regardless of whether the Court has resolved the AR dispute by then. In Plaintiff's counsels' experience, it is very unlikely that a Court will digest the briefing and issue a decision on the AR in just over two weeks.[3] And even if the Court *does* settle the AR within two weeks of the end of briefing, that would only, at best, give Defendants only a few days to prepare and file any additions to the record ordered by the Court and Plaintiff only a few days to prepare and file its motion for summary judgment based on that new record .

Second, assuming the AR remained unsettled by April 28th (the due date for Plaintiff's summary judgment motion under Defendants' proposed schedule), that would put Plaintiff in an impossible position. Under those circumstances Plaintiff's attorneys would be forced to file a motion for summary judgment without the benefit of a settled evidentiary record (and, likely, with outstanding issues of material fact - making summary judgment inappropriate), and

---

[3] Although the parties have attempted in good faith to resolve their record disputes without motion practice, significant disputes nonetheless remain, and those disputes do not just concern a few missing records.

Page 8:        JOINT PROPOSED INITIAL CASE MANAGEMENT SCHEDULE

prejudice Plaintiff's ability to present its case. In the context of a record review case like this, the Court's imposition of such a schedule on Plaintiff over its objection would be an abuse of discretion. The two cases Defendant cites to, *Los Padres Forest Watch v. U.S. Forest Serv.*, (C.D. Cal.), No. 2:19-cv-5925) and *Wild Wilderness v. Allen*, No. 6:13-cv-0523-TC (D. Or.), both involved scheduling orders that the parties negotiated and both parties asked the Court to enter. *See Los Padres,* ECF No. 35 (agreed schedule).[4] Unlike in those cases where the record disputes were either resolved before summary judgment briefing, *see Wild Wilderness,* ECF No. 29 (defendant filing supplemental record filed before summary judgment briefing), or were quite limited, see *Los Padres,* ECF No. 38 (plaintiffs' motion seeking to supplement the record with a single document), in this case, because of the significantly different potential record disputes, the simultaneous record and summary judgment briefing demanded by Defendants would likely be unworkable and quite prejudicial to Plaintiff.[5]

Defendants suggest *supra* that the AR does not need to be settled before Plaintiff submits its motion for summary judgment because Plaintiff can "attach any materials they believe should have been included in the [AR] in their summary judgment brief and Defendants can move to strike the inclusion of those attachments, if appropriate." But that unorthodox suggestion is problematic for several reasons. First, it creates uncertainty in the record which could lead to substantial waste. That is, if any one of Plaintiff's summary judgment arguments is dependent on

---

[4] Plaintiff's counsel here, Mr. Buchele, was counsel of record in the *Wild Wilderness* case and can attest that the schedule that court entered, see ECF No. 14, was a schedule agreed to by both parties.

[5] It is also worth noting that the ambitious schedules initially agreed to by the parties in those cases both ended up taking several months longer. *See Los Padres*, ECF Nos. 36 and 55 (defendant filing final brief more than two months later than initially scheduled); *Wild Wilderness,* ECF No. 14 and 41 (same).

Page 9:        JOINT PROPOSED INITIAL CASE MANAGEMENT SCHEDULE

certain disputed documents making it into the AR, and the Court eventually rules against the inclusion of those documents in the AR, then likely a substantial portion of Plaintiff's summary judgment brief will have gone to waste. Second, and perhaps more importantly, the current record disputes between the parties do not involve just a few missing records and include records that Plaintiff currently does not have in its possession and therefore cannot simply attach to its summary judgment motion. Although a small number of the record disputes have been resolved by conferral, significant disputes remain, and the fact of the matter is that Defendants have no basis for suggesting that Plaintiff can avoid any evidentiary problems by simply attaching a few documents to its summary judgment motion. Defendants' refusal to provide a privilege log with its AR means that Plaintiff does not yet know what documents Defendants are withholding, and which might be appropriate for inclusion in the AR. Defendants' suggestion that Plaintiff simply "attach" disputed AR documents to its summary judgment brief cannot work if Plaintiff does not know what those documents are, or if they even exist. Therefore the privilege log issue, anticipated to be briefed in Plaintiff's motion to complete/correct the AR, should be resolved before the Court sets a summary judgment briefing schedule. That cannot happen under Defendants' proposed schedule.

Defendants argue that the Court should set a summary judgment briefing schedule now so that the case can be resolved on the merits by September without the need for Plaintiff to seek emergency relief. Although Plaintiff too would like to avoid unnecessary motion practice in the form of a motion for a preliminary injunction, that goal cannot require Plaintiff to be forced to brief summary judgment based on an incomplete administrative record or be driven by Defendants' self-selected implementation schedule.

In terms of Defendants' implementation schedule, although Defendants complain that the

Page 10:    JOINT PROPOSED INITIAL CASE MANAGEMENT SCHEDULE

Walton Lake Project has been "delayed for several years," that situation is entirely of

Defendants' making. Defendants issued their Decision Notice (DN) for this project only on

December 7, 2020. ECF #1 at 2. Plaintiff filed this lawsuit four days later. Therefore, if there has

been delay regarding implementation of this project, it was not caused by Plaintiff's delay in

bringing this case. By the same token, Defendants, not Plaintiff, are the ones in control of the

timing of implementation of the project, and they can postpone its implementation if they desire.

Defendants' current position regarding when this Project needs to be implemented is inconsistent

with what they told the Court in 2016. In 2016 Defendants told the Court the Project could only

be implemented while the Walton Lake Campground was closed, starting on October 15th, and

needed to be completed before the campground opened up again then next Spring. *League of*

*Wilderness Defenders/Blue Mountains Biodiversity Project v. Turner et al.,* (D. Or.) No. 2:16-

CV-01648-MO, ECF No. 18 (Declaration of Slater Turner) at 5. Now Defendants insist logging

must begin in September, while the campground is still open, with no explanation as to the need

for a changed implementation schedule as compared to 2016.

Finally, even under Defendants' proposed summary judgment briefing schedule, which

requires Plaintiff to forego merits briefing based on a complete record to satisfy Defendants'

self-imposed schedule, it is unlikely there would actually be a final decision on the merits before

Defendants' preferred implementation date. Unless all parties consent to a binding decision from

Magistrate Judge Sullivan, the schedule Defendants have proposed would at best only lead to the

Magistrate Judge issuing Findings and Recommendations before September. There would then

likely need to be an objection process before the assigned District Court Judge. *See* 28 U.S.C. §

636(b)(1)(C) (governing the written objection process after a magistrate judge issues proposed

findings and recommendations). In Oregon, District Judge review of a magistrate's proposed

findings and recommendations generally takes 60 days or more.

https://www.ord.uscourts.gov/index.php/court-info/our-judges/consenting-to-magistrate-judge-jurisdiction

For the above reasons, the Court should decline to enter a summary judgment briefing schedule at this time. Instead, the Court should order the parties to confer regarding a summary judgment briefing schedule within 14 days after the Court resolves Plaintiff's AR motion, assuming one is filed.

Respectfully submitted this 19th day of March 2021.

*/s/ Tom Buchele (by SCD w/ permission)*
Thomas Buchele, OSB No. 081560
Earthrise Law Center
Lewis & Clark Law School
10101 S. Terwilliger Blvd.
Portland OR 97219-7799
Telephone: 503-768-6736
Fax: 503-768-6642
E-mail: tbuchele@lclark.edu

*Jesse A. Buss (by SCD w/ permission)*
Jesse A. Buss, OSB # 122919
Willamette Law Group
411 Fifth Street
Oregon City OR 97045-2224
Tel: 503-656-4884
Fax: 503-608-4100
Email: jesse@WLGpnw.com

*Attorneys for Plaintiff Blue Mountains Biodiversity Project*

JEAN E. WILLIAMS
Acting Assistant Attorney General

*/s/ Sean C. Duffy*
SEAN C. DUFFY
United States Department of Justice
Environment and Natural Resources Division
Natural Resources Section
150 M Street NE
Washington, DC 20002
Tel: 202-305-0445
Fax: 202-305-0506
sean.c.duffy@usdoj.gov

*Attorneys for Defendants*