JEAN E. WILLIAMS
Acting Assistant Attorney General

SEAN C. DUFFY (NY Bar. No. 4103131)
Trial Attorney
United States Department of Justice
Natural Resources Section
150 M Street NE
Washington, DC 20002
Telephone: (202) 305-0445
Facsimile:  (202) 305-0506
sean.c.duffy@usdoj.gov

# UNITED STATES DISTRICT COURT
## DISTRICT OF OREGON
## PENDLETON DIVISION

| | |
|---|---|
| BLUE MOUNTAINS BIODIVERSITY PROJECT,<br><br>Plaintiff,<br><br>v.<br><br>SHANE JEFFRIES, in his official capacity as Ochoco National Forest Supervisor; and UNITED STATES FOREST SERVICE,<br><br>Defendants. | No. 2:20-cv-2158-SU<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL COMPLETION OF THE ADMINISTRATIVE RECORD**<br>**(ECF No. 10)** |

**TABLE OF CONTENTS**

INTRODUCTION .................................................................................................................. 1

BACKGROUND .................................................................................................................. 1

STANDARD OF REVIEW .................................................................................................. 2

ARGUMENT ....................................................................................................................... 4

    A.    The Entire Administrative Record for a Prior Decision Is Not Automatically Included in the Record for a Later Decision. .......................................................... 5

    B.    Documents Released Under FOIA Are Not Automatically Part of an Administrative Record. ...................................................................................... 9

    C.    Nor Should the FOIA Documents that BMBP Identifies be Included in the Administrative Record. ...................................................................................... 12

    D.    Plaintiff is Not Entitled to Deliberative Materials or a Privilege Log. ................. 13

        1.    Deliberative Materials are Beyond the Scope of the "Whole Record." ................................................................................................. 13

        2.    Because Deliberative Documents are Not Part of the Record, They Need Not Be Logged. .................................................................. 19

CONCLUSION .................................................................................................................... 20

## TABLE OF AUTHORITIES

**Cases**

*Animal Def. Council v. Hodel*,
   867 F.2d 1244 (9th Cir. 1989) ................................................................................................. 3

*Animal Def. Council v. Hodel*,
   840 F.2d 1432 (9th Cir. 1988) ................................................................................................. 3

*Ass'n of Pub. Agency Customers, Inc. v. Bonneville Power Admin.*,
   126 F.3d 1158 (9th Cir. 1997) ............................................................................................... 18

*ASSE Int'l v. Kerry*,
   No. 8:14-cv-00534-CJC(JPRx), 2018 WL 3326687 (C.D. Cal. Jan. 3, 2018) ...................... 17

*Bar MK Ranches v. Yuetter*,
   994 F.2d 735 (10th Cir. 1993) ................................................................................................. 3

*Bruce v. Azar*,
   826 F. App'x 643 (9th Cir. 2020) ............................................................................................ 3

*California v. U.S. Dep't of Homeland Sec.*,
   Nos. 19-cv-04975-PJH, 19-cv-04980-PJH, 2020 WL 1557424 (N.D. Cal. Apr. 1, 2020). 15, 19

*California v. U.S. Dep't of Labor*,
   No. 13-cv-2069-KJM-DAD, 2014 WL 1665290 (E.D. Cal. Apr. 24, 2014)............................ 19

*Carlsson v. U.S. Citizenship & Immigr. Servs.*,
   No. 2:12-cv-7893-CAS(AGRx), 2015 WL 1467174 n.5 (C.D. Cal. Mar. 23, 2015) ............... 17

*Citizens to Pres. Overton Park, Inc. v. Volpe*,
   401 U.S. 402 (1971)............................................................................................................ 14, 19

*City of Fresno v. United States*,
   709 F. Supp. 2d 888 (E.D. Cal. 2010) .................................................................................... 16

*Colo. Envt'l Coal. v. Office of Legacy Mgmt.*,
   No. 08-cv-1624-WJM-MJW, 2017 WL 897838 (D. Colo. Mar. 7, 2017) ............................... 10

*Conner v. Burford*,
   848 F.2d 1441 (9th Cir. 1988) ............................................................................................... 18

*Cook Inletkeeper v. EPA*,
   400 F. App'x 239 (9th Cir. 2010) .................................................................................... 3, 7, 10

*Ctr. for Biological Diversity v. Wolf*,
   447 F. Supp. 3d 965 (D. Ariz. 2020) ...................................................................................... 16

*Ctr. for Biological Diversity v. Zinke*,
   No. 3:18-cv-00064-SLG, 2018 WL 8805325 (D. Alaska Nov. 16, 2018) ......................... 16, 20

*Del. Dep't of Nat. Res. & Envtl. Control v. U.S. Army Corps of Eng'rs*,
  722 F. Supp. 2d 535 (D. Del. 2010)..........................................................................9

*Dep't of Commerce v. New York*,
  139 S. Ct. 2551 (2019).............................................................................................18

*Fed. Power Comm'n v. Transcon. Gas Pipe Line Corp.*,
  423 U.S. 326 (1976)...................................................................................................7

*Fla. Power & Light Co. v. Lorion*,
  470 U.S. 729 (1985)...................................................................................................2

*Forelaws on Board v. Johnson*,
  743 F.2d 677 (9th Cir. 1984) ....................................................................................6

*Friends of Se.'s Future v. Morrison*,
  153 F.3d 1059 (9th Cir. 1998) .................................................................................18

*Golden Gate Salmon Ass'n v. Ross*, No: 1:17-cv-1172LJO-EPG,
  2018 WL 3129849 (E.D. Cal. June 22, 2018) .................................................4, 6, 16

*In re Subpoena Duces Tecum*,
  156 F.3d 1279 (D.C. Cir. 1998)...............................................................................15

*In re U.S. Dep't of Def. & U.S. Envtl. Prot. Agency Final Rule*,
  No. 15-3751, 2016 WL 5845712 (6th Cir. Oct. 4, 2016) ........................................15

*In re United States*,
  875 F.3d 1200 (9th Cir. 2017) ...................................................................................3

*Kan. State Network, Inc. v. FCC*,
  720 F.2d 185 (D.C. Cir. 1983)..................................................................................15

*League of Wilderness Defs./Blue Mountains Biodiversity Project v. Turner*,
  No. 2:16-cv-1648-MO, (D. Or. Oct. 18, 2016).........................................................5

*Motor Vehicle Mfrs. Ass'n of U.S. v. State Farm Mut. Auto Ins. Co.*,
  463 U.S. 29 (1983)..............................................................................................13, 19

*Nw. Envt'l Advocates v. U.S. Fish & Wildlife Serv.*,
  No. 3:18-cv-1420-AC, 2019 WL 6977406 (D. Or. Dec. 20, 2019)...........................3

*Oceana, Inc. v. Pritzker*,
  No. 16-cv-6784-LHK-SVK, 2017 WL 2670733 (N.D. Cal. June 21, 2017).........7, 10

*Oceana, Inc. v. Ross*,
  920 F.3d 855 (D.C. Cir. 2019).............................................................................15, 19

*Outdoor Amusement Business Ass'n, Inc. v. Dep't of Homeland Sec.*,
  No. ELH-16-1015, 2017 WL 3189446 (D. Md. July 27, 2017) ..............................10

*Pac. Shores Subdiv., Cal. Water Dist. v. U.S. Army Corps of Eng'rs*,
  448 F. Supp. 2d 1 (D.D.C. 2006)...............................................................................3

*Portland Audubon Soc'y v. Endangered Species Comm.*,
    984 F.2d 1534 (9th Cir. 1993) ................................................................................... 3

*S. Yuba River Citizens League v. Nat'l Marine Fisheries Serv.*,
    No. CIV S-06-2845 LKK JFM, 2008 WL 3932358 (E.D. Cal. Aug. 26, 2008)....................... 10

*Safari Club Int'l v. Jewell*,
    No. CV-16-00094-TUC-JGZ, 2016 WL 7785452 (D. Ariz. July 7, 2016) ........................... 6, 8

*San Luis & Delta-Mendota Water Auth. v. Jewell*,
    No. 1:15-cv-1290-LJO-GSA, 2016 WL 3543203 (E.D. Cal. June 23, 2016) ......................... 20

*San Luis Obispo Mothers for Peace v. U.S. Nuclear Regulatory Comm'n*,
    789 F.2d 26 (D.C. Cir. 1986)......................................................................... 14, 15

*Save the Colorado v. U.S. Dep't of Interior*,
    No. CV-19-08285-PCT-MTL, 2021 WL 390497 (D. Ariz. Feb. 4, 2021) ............................. 16

*SEC v. Chenery Corp.*,
    318 U.S. 80 (1943).................................................................................................. 14

*Sequoia Forestkeeper & Earth Island Inst. v. U.S. Forest Serv.*,
    No. CV F 07-1690 LJO DLB, 2008 WL 5054100 (E.D. Cal. Nov. 19, 2008) .......................... 6

*Stand Up for Cal.! v. U.S. Dep't of Interior*,
    71 F. Supp. 3d 109, 117 (D.D.C. 2014) ................................................................... 10

*Thompson v. U.S. Dep't of Labor*,
    885 F.2d 551 (9th Cir. 1989) ................................................................. 3, 7, 13, 17

*TOMAC v. Norton*,
    193 F. Supp. 2d 182 (D.D.C. 2002)...................................................................... 9, 12

*TOMAC, Taxpayers of Michigan Against Casinos v. Norton*,
    433 F.3d 852 (D.C. Cir. 2006)................................................................................. 9

*United Healthcare Ins. Co. v. Azar*,
    316 F. Supp. 3d 339 (D.D.C. 2018)........................................................................... 9

*United States v. Carpenter*,
    No. 3:99-cv-00547-RLH-RAM, 2011 WL 4763675 (D. Nev. Oct. 7, 2011) .......................... 17

*United States v. Morgan*,
    313 U.S. 409 (1941)........................................................................................ 14, 18

*Vt. Yankee Nuclear Power Corp. v. NRDC*,
    435 U.S. 519 (1978)............................................................................................. 14

**Statutes**

5 U.S.C. § 706.......................................................................................................... 2

**INTRODUCTION**

An agency's properly designated administrative record consists of documents considered directly or indirectly by an agency, does not include deliberative materials outside the scope of the record, and is presumed to be complete absent clear evidence to the contrary.  Plaintiff moves to complete the administrative record for the Forest Service project challenged in this case with the entire administrative record of an earlier, distinct project and with scores of deliberative documents released under FOIA requests.  Because all of the proffered documents are outside of the scope of the administrative record and none of those documents has been withheld from the record on the basis of privilege, the Court should deny Plaintiff's requests to complete the record and to have the Forest Service produce a privilege log.

**BACKGROUND**

Plaintiff, Blue Mountains Biodiversity Project ("BMBP"), challenges the Forest Service's December 2020 decision notice ("DN") and underlying environmental assessment ("EA") approving the Walton Lake Restoration Project ("Project").  AR 08713-93 (DN); AR 07566-810 (EA).  Plaintiff brings its challenge under the Administrative Procedure Act ("APA"), National Environmental Policy Act ("NEPA"), and National Forest Management Act ("NFMA").  Am. Compl., ECF No. 12 ("Compl.").

On February 5, 2021, the Forest Service provided BMBP with a copy of the administrative record for the Project decision.  *See* Joint Proposed Case Mgmt. Sched. 3, ECF No. 9.  The parties then engaged in discussions on the content of the record.  As part of those discussions, BMBP listed 179 documents that the Forest Service provided in response to Freedom of Information Act ("FOIA") record requests and asked that those documents be included in the Project administrative record.  BMBP also requested that the record here include

all documents from the administrative record for a 2015 project involving Walton Lake. Finally, BMBP asked the Forest Service to produce a privilege log.

In response to BMBP's requests, the Forest Service reviewed each of the 179 FOIA documents for inclusion in the administrative record. It determined that nearly none of those documents is properly part of the administrative record. As for the 2015 project, the Forest Service explained that the present Project is distinct from that prior project, that the agency had completed a new, separate analysis for it, and therefore the entire administrative record for the 2015 project is not properly part of the administrative record for the 2020 Project. For the request for a privilege log, the Forest Service explained that no documents were withheld from the administrative record based on an assertion of privilege and thus there was no need to provide a privilege log. Finally, the Forest Service agreed to add to the record a modest number of additional documents identified by Plaintiff that the agency agreed should be part of the administrative record, and lodged the administrative record for the 2020 Project with the Court. Notice of Lodging Admin. Record, ECF No. 13. BMBP brought the present Motion to Compel Completion of the Administrative Record. ECF No. 10 ("Pl.'s Mot.").

## STANDARD OF REVIEW

Judicial review of an agency action is governed by the Administrative Procedure Act ("APA"), 5 U.S.C. § 706. The scope of judicial review under the APA is limited to the administrative record. *See id.* (in reviewing an agency action "the court shall review the whole record or those parts of it cited by a party."). The Supreme Court has emphasized that when reviewing administrative decisions, "the focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court." *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 743-44 (1985) (internal citation

DEFS.' OPP'N TO MOT. TO COMPEL
COMPLETION OF THE ADMIN. RECORD          2

omitted); *see also Animal Def. Council v. Hodel,* 840 F.2d 1432, 1436-37 (9th Cir. 1988) (same), *amended on other grounds,* 867 F.2d 1244 (9th Cir. 1989). The record "consists of all documents and materials directly or indirectly considered by agency decision-makers," no matter if those materials support or detract from the reasonableness of the decision at issue. *Thompson v. U.S. Dep't of Labor*, 885 F.2d 551, 555 (9th Cir. 1989) (citation and emphasis omitted).

An agency's "record . . . is entitled to a presumption of completeness." *In re United States*, 875 F.3d 1200, 1206 (9th Cir. 2017), *vacated on other grounds,* 138 S. Ct. 443 (2017) (per curiam). The presumption derives from recognition that "[i]t is the agency that did the 'considering,' and . . . therefore is in a position to indicate initially which of the materials were 'before' it—namely, were 'directly or indirectly considered.'" *Pac. Shores Subdiv., Cal. Water Dist. v. U.S. Army Corps of Eng'rs*, 448 F. Supp. 2d 1, 5 (D.D.C. 2006) (first alteration in original) (citations omitted).

Supplementation of the record is appropriate only if "it appears the agency has relied on documents or materials not included in the record." *Portland Audubon Soc'y v. Endangered Species Comm.*, 984 F.2d 1534, 1548 (9th Cir. 1993). The party moving to complete the record has the burden to present "clear evidence" to overcome the presumption of regularity afforded the agency. *Cook Inletkeeper v. EPA*, 400 F. App'x 239, 240 (9th Cir. 2010) ("We assume that an 'agency properly designated the Administrative Record absent clear evidence to the contrary.'" (quoting *Bar MK Ranches v. Yuetter*, 994 F.2d 735, 740 (10th Cir. 1993))); *see also Bruce v. Azar*, 826 F. App'x 643, 645 (9th Cir. 2020) ("The administrative record is presumed to be complete"), *cert. denied,* No. 20-742, 2021 WL 231577 (U.S. Jan. 25, 2021). "Numerous cases have set forth the presumption of regularity 'as a foundation principle used to evaluate items or categories of items requested to be added to the administrative record.'" *Nw. Envt'l*

*Advocates v. U.S. Fish & Wildlife Serv.*, No. 3:18-cv-1420-AC, 2019 WL 6977406, at *4 (D. Or. Dec. 20, 2019) (quoting *Golden Gate Salmon Ass'n v. Ross*, No: 1:17-cv-1172-LJO-EPG, 2018 WL 3129849, at *4 (E.D. Cal. June 22, 2018)).[1]

## ARGUMENT

BMBP seeks the addition of two broad categories of documents to the administrative record for the 2020 Project—the administrative record for the Forest Service's 2015 decision, and documents released under various FOIA requests, many (or most) of which are deliberative documents, and several of which are already included in the administrative record.[2] As explained below, BMBP's request for adding broad categories of documents fails because documents that were not considered directly or indirectly by the Forest Service during its decision-making process for the 2020 Project decision do not belong in the record, and because deliberative documents likewise do not belong in the record. Nor has BMBP shown that any of the individual documents it identifies within the broad categories of documents belong in the administrative record. In addition, because deliberative materials are outside the scope of the administrative record, they have not been withheld from the administrative record based on an assertion of privilege and therefore need not be included in a privilege log. The Court should

---

[1] While the Ninth Circuit has three times over the past eleven years referenced the presumption of completeness approvingly, Plaintiff suggests that this Court may ignore those precedents, because either the decision was published in the Federal Appendix or it was vacated on other grounds. *See* Pl.'s Mot. 6 & n.4. Defendants believe that the Court should follow the Ninth Circuit's direction—as well as that of many other district courts, which Plaintiff acknowledges apply the presumption of completeness, Pl.'s Mot. 6—and apply the presumption of completeness in this case.

[2] Examples of FOIA documents already in the administrative record include: AR 06008-11 (public flyer and email about distribution); AR 06012-15 (news release); AR 08637-38 (letter to BMBP counsel regarding objection resolution); AR 08697-708 (draft Forest Pathologist report of site visit to tree fatality).

DEFS.' OPP'N TO MOT. TO COMPEL
COMPLETION OF THE ADMIN. RECORD          4

thus deny BMBP's request to complete the record and deny BMBP's request to have the Forest

Service produce a privilege log.[3]

###     A.     The Entire Administrative Record for a Prior Decision Is Not Automatically Included in the Record for a Later Decision.

The Court should review the 2020 Project decision based on the documents and other

evidence considered during *that* decision process—not on the record of the separate 2015

decision, which was preliminarily enjoined and then withdrawn in 2016.  Defendants' Notice of

Withdrawal, *League of Wilderness Defs./Blue Mountains Biodiversity Project v. Turner*, 2:16-cv-

1648-MO, (D. Or. Oct. 18, 2016), ECF No. 24; Order Granting Pl.'s Mot. for Prelim. Inj.,

*League of Wilderness Defs./Blue Mountains Biodiversity Project v. Turner*, 2:16-cv-1648-MO,

(D. Or. Oct. 18, 2016), ECF No. 25.  For its environmental analysis of the 2015 Project decision,

the Forest Service relied on a categorical exclusion and documented that decision in a decision

memo.  For the environmental analysis for the 2020 Project decision, the Forest Service returned

to the drawing board and undertook a new analysis, sought and considered public input, issued

an environmental assessment, and documented its decision in a decision notice.  Where materials

from the administrative record for the 2015 project were considered in making the 2020 Project

decision, those materials are included in the administrative record for the 2020 Project,[4] but the

---

[3] BMBP states that the present motion is one to *complete* the record.  Pl.'s Mot. 8.  To the extent that BMBP seeks to *supplement* the record, it has not carried its burden of showing that the proffered documents fall into any of the supplementation categories.

[4] The 2020 AR includes, among others, the following documents and materials from the 2016 administrative record,:  AR 03776-813 (laminated root rot literature); AR 03982-4006 (more root disease literature); AR 04503-07 (water quality best management practices program); AR 04508-629 (literature on root rot); AR 04630-751 (field guide for hazard tree identification and mitigation in developed sites); AR 04386-89 (email from forest pathologist on science behind the current condition and level of public risk); AR 04964-93 (Plaintiff's original scoping response); AR 04999 (invitation to project area field trip).

DEFS.' OPP'N TO MOT. TO COMPEL
COMPLETION OF THE ADMIN. RECORD                    5

agency is not obligated to include documents from the 2015 record that it did not consider in making the 2020 decision.

BMBP concedes that its claims challenge only "the legality of the . . . December 2020 DN, FONSI, and EA." Pl.'s Mot. 4. Yet it still demands that the "entire 2016 [administrative record]" relating to the 2015 project decision should be included in the administrative record for the 2020 Project. *Id*. at 10. In support of this categorical demand, Plaintiff claims that the two projects were reviewed by the Forest Service as part of an "ongoing, cumulative decision-making process," that analyses were "carried through" the two decision-making processes, and that the 2020 Project is an "outgrowth and continuation" of the 2015 project. *Id*. at 11.

But Plaintiff's broad characterization of the two projects as a "singular, albeit extended, decisionmaking process," Pl.'s Mot. at 11, with a single administrative record is insufficient to carry the burden of demonstrating that all of the materials in the administrative record for the 2015 project were considered by the Forest Service in making the 2020 Project decision.[5] There is simply no rule "permitting the supplementation of the administrative record based solely on an agency's consideration of evidence in connection with an earlier, related rulemaking." *Safari Club Int'l*, 2016 WL 7785452, at *4; *see also Golden Gate Salmon Ass'n*, 2018 WL 3129849, at

---

[5] As evidence that the 2020 Project is "an outgrowth and continuation" of the 2015 project, BMBP notes that the Forest Service left an integrated resource service contract (which Plaintiff labels as a "logging" contract) in place while it undertook a new NEPA analysis. Pl.'s Mot. 11. But BMBP offers no non-speculative explanation of how the mere existence of this contract demonstrates that the Forest Service considered the entirety of the 2015 administrative record in making the 2020 decision. There is nothing unusual or improper about holding a contract in place while undertaking an environmental analysis. *See e.g. Forelaws on Board v. Johnson*, 743 F.2d 677, 686 (9th Cir. 1984) (holding long-term power contracts could remain operative prior to completion of an environmental impact statement); *Sequoia Forestkeeper & Earth Island Inst. v. U.S. Forest Serv.*, No. CV F 07-1690 LJO DLB, 2008 WL 5054100, at *6-7 (E.D. Cal. Nov. 19, 2008) ("[N]either NEPA nor this Court's equitable powers compels termination of the timber sale contract" while the Forest Service undertook further environmental analysis).

*9 ("supplementation of an administrative record cannot be based solely on an agency's consideration of the requested documents in connection with an earlier, related decision."). Instead, BMBP must identify each document it seeks to include in the record with "sufficient specificity" and provide clear evidence that it was considered by the agency in making the 2020 decision.[6] *Oceana, Inc. v. Pritzker*, No. 16-cv-6784-LHK-SVK, 2017 WL 2670733, at *2 (N.D. Cal. June 21, 2017); *Cook Inletkeeper*, 400 F. App'x at 240. A blanket expansion of the administrative record for the final agency action under review to include the entire record of a previous project, simply because the projects are located in the same place and spawned from a similar purpose and need, is incompatible with the "considered" standard, *see Thompson*, 885 F.2d at 555-56, and is clearly impermissible. *Fed. Power Comm'n v. Transcon. Gas Pipe Line Corp.*, 423 U.S. 326, 331 (1976) (per curiam) ("[T]he focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court.") (alteration in original) (citation omitted).

Aside from its impermissible attempt to import the 2015 administrative record wholesale into the 2020 record, the individual documents from the 2015 record that Plaintiff does identify are plainly not part of the 2020 record. For example, BMBP seeks inclusion of a "1994 EA and Decision regarding the Eastside Screens Amendments." Pl's. Mot. 12. But these documents are outdated and were not considered by the agency in the 2020 decision because they have been replaced by direction from a 1995 Revised EA and Decision regarding the Eastside Screens

---

[6] Plaintiff claims, without support, that the Forest Service "implicitly concedes" that the administrative record for the 2020 Project is not the "whole record." Pl.'s Mot. 10. The Forest Service makes no such concession. *See* Decl. of Veronica Tischer ¶ 3, ECF No. 13-1 ("Tischer Decl.") (confirming that the documents lodged with the Court on March 26, 2021 are the materials "that have been considered, either directly or indirectly, by the relevant Forest Service officials" in connection with the Project.).

DEFS.' OPP'N TO MOT. TO COMPEL
COMPLETION OF THE ADMIN. RECORD          7

Amendments.  That 1995 direction is included in the record, *see* AR 03814-953, AR 03954-963, AR 03964-974, and there is no reason to add to the record outdated documents the agency did not consider.  Plaintiff likewise seeks inclusion of outdated (2011) Management Indicator Species ("MIS") Reports.  Pl.'s Mot. 12.  These reports were not considered when the Forest Service prepared its Resource Report and Biological Evaluation for Wildlife ("Wildlife Report") for the 2020 Project, AR 07351-415.[7]  Plaintiff also claims that specialist reports that analyze impacts to soils and visual quality from the 2015 record should be included in the 2020 record.  Pl.'s Mot. 12.  Again, however, in evaluating the 2020 Project, the Forest Service developed updated analyses for soils and visual quality rather than using the versions it relied on in 2015.  These updated analyses are contained in the final EA, AR 07694-701 (soils analysis), AR 07632-42 (scenic quality report) and in a new specialist report.  AR 07475-86 (soils report).  There is no reason why the Forest Service should have to include outdated analyses from the prior project record, because it considered updated analyses to assess the environmental impacts of the 2020 Project.[8]

     In sum, to overcome the presumption of regularity, Plaintiff must show clear evidence that the agency considered the documents it seeks to add to the administrative record.  *Safari Club Int'l,* 2016 WL 7785452, at *4.  Plaintiff has not shown that any of the documents from the

---

[7] BMBP claims that the Wildlife Report "only briefly mentions" MIS species.  Pl.'s Mot. 12. This is incorrect.  MIS are addressed in the Wildlife Report in an effects summary table at AR 07353, are briefly described at AR 07356-57, and are analyzed thoroughly at AR 07378-94.

[8] BMBP notes that the Forest Service included in the 2020 record about 20 new documents (*i.e.*, photos and scientific articles) that were available when the administrative record for 2015 project was prepared.  Pl.'s Mot. 11 n.9.  This is true, but it is irrelevant to Plaintiff's motion.  The 2020 Project is based on an environmental assessment, which involves a higher degree of analysis than the categorical exclusion on which the 2015 Project was based.  It should therefore come as no surprise—and indeed one would expect—that the Forest Service considered additional materials when it prepared an EA for the 2020 Project.

DEFS.' OPP'N TO MOT. TO COMPEL
COMPLETION OF THE ADMIN. RECORD          8

2015 project administrative record it seeks to include were considered once again for this new decision. *See* Decl. of Stacey R. Grimes ¶ 4, *League of Wilderness Defs./Blue Mountains Biodiversity Project v. Turner*, 2:16-cv-1648-MO, (D. Or. Sept. 9, 2016), ECF No. 7-1 (Declaration lodging 6,674 pages of documents). Nor could they; the Forest Service reasonably relied on updated information when it analyzed the environmental impacts of the 2020 Project. *See* Tischer Decl. ¶ 3, ECF No. 13-1. The Court should deny BMBP's request to compel inclusion of the 2015 administrative record in the record for the 2020 Project.

> **B.    Documents Released Under FOIA Are Not Automatically Part of an Administrative Record**.

BMBP seeks to add to the administrative record 162 documents that they received in response to eight FOIA requests. Pl.'s Mot. 14. But a "FOIA production request is an entirely discrete legal concept that bears no relation to the administrative record compiled for a court's review under the APA." *Del. Dep't of Nat. Res. & Envtl. Control v. U.S. Army Corps of Eng'rs*, 722 F. Supp. 2d 535, 544 (D. Del. 2010). Thus, "the mere fact that a document has been released under FOIA does not require its inclusion in an administrative record." *United Healthcare Ins. Co. v. Azar*, 316 F. Supp. 3d 339, 348-49 (D.D.C. 2018). A response to a FOIA request may require the government to turn over "every scrap of paper that could or might have been created," but an administrative record does not require inclusion of every scrap of paper. *TOMAC v. Norton*, 193 F. Supp. 2d 182, 195 (D.D.C. 2002) *aff'd sub nom. TOMAC, Taxpayers of Michigan Against Casinos v. Norton*, 433 F.3d 852 (D.C. Cir. 2006). For that reason:

> An agency's possession of certain records, as confirmed by their disclosure in response to a FOIA request, is not sufficient to show that the same records were considered by the agency in connection with a decision subject to an APA challenge and, consequently, mere possession triggers no requirement to include such records in the administrative record.

DEFS.' OPP'N TO MOT. TO COMPEL
COMPLETION OF THE ADMIN. RECORD            9

*Stand Up for Cal.! v. U.S. Dep't of Interior*, 71 F. Supp. 3d 109, 117 (D.D.C. 2014); *see also S. Yuba River Citizens League v. Nat'l Marine Fisheries Serv.*, No. CIV S-06-2845 LKK JFM, 2008 WL 3932358, at *4-5 (E.D. Cal. Aug. 26, 2008) (distinguishing between production under FOIA and compilation of an administrative record).  Thus, the Forest Service may release deliberative documents in response to a FOIA request.  However, the agency's transparency under FOIA does not alter the proper standard for compilation of an administrative record under the APA.

As noted above, Plaintiff bears the burden of identifying each document for inclusion in the record with "sufficient specificity" and of providing clear evidence that the agency considered the specifically identified documents.  *Oceana, Inc. v. Pritzker*, 2017 WL 2670733, at *2; *Cook Inletkeeper*, 400 F. App'x at 240 ("We assume that an 'agency properly designated the Administrative Record absent clear evidence to the contrary.'" (internal citation omitted)).  Plaintiff cannot simply identify scores of documents that it obtained through a FOIA request and ask the Court to include them wholesale in an administrative record.  *See Outdoor Amusement Business Ass'n, Inc. v. Dep't of Homeland Sec.*, No. ELH-16-1015, 2017 WL 3189446, at *12 (D. Md. July 27, 2017) (rejecting attempt to supplement administrative record with documents produced in response to FOIA request that plaintiffs "dump at the Court's doorstep" but "do not actually articulate with any concrete specificity why these documents . . . are relevant . . . or any other basis to conclude these documents were in fact directly or indirectly before the decisionmaker." (citation omitted)); *see also Colo. Envt'l Coal. v. Office of Legacy Mgmt.*, No. 08-cv-1624-WJM-MJW, 2017 WL 897838 at *4 (D. Colo. Mar. 7, 2017) (rejecting a "data dump" approach to supplement an administrative record).

Here, BMBP broadly seeks to add 162 documents to the 2020 Project administrative record that it obtained in response to eight FOIA requests. Pl.'s Mot. 14. The FOIA requests themselves sought an array of documents far broader than the 2020 Project and the 2015 project.[9] Those documents, which are included with BMBP counsel's declaration as exhibits F-1 through F-9, consist of 1,203 pages of material.[10] *See* Buchele Decl., ECF No. 11, ECF Nos. 11-7 through 11-15. BMBP claims that these FOIA documents should be added to the administrative record because they are "substantive in nature and directly related" to aspects of the NEPA process. Pl.'s Mot. 14. But BMBP entirely fails to meet its burden of showing that each of the proffered documents was specifically considered by the Forest Service in making the 2020 Project decision. Indeed, as part of the conferral process, the Forest Service reviewed each of the FOIA records that BMBP now seeks to include in administrative record and confirmed that none of the FOIA documents submitted in this motion—other than those that are already in the administrative record, *see* p.4, n.2 *supra*—should be included in the administrative record.

Plaintiff's motion should be denied because it seeks to expand what should be a discrete record of the facts and decision-making documents underlying the Forest Service's 2020 decision into an ungainly compilation of all the documents that BMBP wishes to rely upon to

---

[9] For example, a January 24, 2017 FOIA request sought *any* documents relating to *any* Forest Service project that involved commercial logging and the use of any Eastside screens exceptions, as well as *any* documents relating to the Forest Service's treatment of laminated root rot across Region Six. *See* Ex. B to Decl. of Thomas C. Buchele, ECF No. 11-2 at 6.

[10] As noted above, and in the declaration of BMBP's counsel, Defendants provided BMBP with the administrative record on February 5. Decl. of Thomas C. Buchele ¶ 8, ECF No. 11 ("Buchele Decl."). In their response one month later, proposing to include the FOIA documents in the administrative record, BMBP merely listed documents that they obtained through FOIA requests, *id.* ¶ 8, but offered no more explanation as to why any specific document should have been included in the administrative record. At minimum, before filing the present motion, BMBP should have explained to Defendants why each one of the scores of FOIA documents belongs in the administrative record.

DEFS.' OPP'N TO MOT. TO COMPEL
COMPLETION OF THE ADMIN. RECORD          11

support its case. Plaintiff disregards whether the Forest Service actually considered those documents as part of its decision-making process and whether judicial review of those documents is appropriate under the law, in favor of including "every scrap of paper" that Plaintiff believes might support their case. *TOMAC,* 193 F. Supp. 2d at 195. This approach unnecessarily mires the Court in thousands of irrelevant documents and improperly probes the internal thought processes of the agency. Plaintiff seeks to dump more than 1,200 pages of FOIA materials into the Court's record to have it determine whether those documents belong in the administrative record. The Court should reject that effort outright.

### C.     Nor Should the FOIA Documents that BMBP Identifies be Included in the Administrative Record.

In addition to its attempt to dump more than 1,200 pages of materials received through FOIA into the record, BMBP specifically cites 86 pages of the FOIA materials as "missing" from the record. *See* Pl.'s Mot. 15-16 (citing Buchele Decl. Ex. F-5 at 55-57, 81-85 (email discussing media inquiry about project and contract); Ex. F-1 at 11 (email discussing the need for scoping); Ex. F-1 at 12-15 (direction discussing need for an EA); Ex. F-4 at 39-41 (email chain discussing a public meeting); Ex. F-5 at 8-10 (email discussing scoping and collaborative input); Ex. F-5 at 21-23, 70-80 (communications about a newspaper story); Ex. F-6 at 125-30 (addendum to forest health BE, the complete version of which is already in the AR); Ex. F-7 at 12-19 (email discussing contents of scoping letter); Ex. F-9 at 77-89 (email explaining changes to the scenery analysis); Ex. F-9 at 112 (email discussing preferred tree species); Ex. F-5 at 26-27[11] (email discussing Project alternatives). Each document is internal and deliberative. Further, the subject

---

[11] In its motion, BMBP cites this email exhibit reference as "Ex. F-4 at 26-27." Pl.'s Mot. 16. This appears to be a mistaken reference to an email found at Ex. F-5 at 26-27.

of each of the topics—scoping, public involvement, meeting minutes, analysis within the EA, news reports—is addressed in the administrative record.[12]  And—for the reasons discussed below—these deliberative documents are not part of the administrative record.  Including these emails and other deliberations would invite the Court and the parties to improperly probe the internal thought processes of agency personnel.  BMBP offers no legitimate reason why any of the FOIA documents it refers to in its motion should be part of the administrative record.

The Court should thus deny BMBP's request to include the FOIA documents in the administrative record.

### D.    Plaintiff is Not Entitled to Deliberative Materials or a Privilege Log.

BMBP asks this Court to compel the Forest Service to produce a privilege log describing deliberative materials "withheld" from the record.  Pl.'s Mot. 20-21.  This is a contradiction; deliberative materials are not part of the "whole record" to begin with, and so were never "withheld" on a claim of privilege.  Plaintiff's arguments to the contrary conflate "documents and materials directly or indirectly considered by agency decision-makers," *Thompson*, 885 F.2d at 555, with correspondence or memoranda reflecting that consideration in a non-final form. This Court should reject Plaintiff's invitation to expand the scope of the record to include pre-decisional and deliberative materials and should likewise deny its request for a privilege log.

### 1.    Deliberative Materials are Beyond the Scope of the "Whole Record."

"[A]n agency's action must be upheld, if at all, on the basis articulated by the agency itself."  *Motor Vehicle Mfrs. Ass'n of U.S. v. State Farm Mut. Auto Ins. Co.*, 463 U.S. 29, 50

---

[12] In addition to the documents listed above, Plaintiff seeks inclusion of a leaflet that is not referenced in the EA or the forest health BE and was not considered nor included in the AR. Pl.'s Mot. 16 (citing Buchele Decl. Ex. F-4 at 52-57; Ex. F-2).

(1983) (citations omitted); *SEC v. Chenery Corp.*, 318 U.S. 80, 88 (1943) (judicial review is confined to "a judgment upon the validity of the grounds upon which the Commission itself based its action").  The Supreme Court has "made it abundantly clear" that APA review focuses on the "contemporaneous explanation of the agency decision" on which the agency rests, and not the deliberative process that preceded the decision.  *Vt. Yankee Nuclear Power Corp. v. NRDC*, 435 U.S. 519, 549 (1978).  "Just as a judge cannot be subjected to such a scrutiny . . . so the integrity of the administrative process must be equally respected."  *United States v. Morgan*, 313 U.S. 409, 422 (1941) (citations omitted).  Thus, "inquiry into the mental processes of administrative decisionmakers is usually to be avoided."  *Citizens to Pres. Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420 (1971), *abrogated on other grounds by Califano v. Sanders,* 430 U.S. 99 (1977).

Consistent with these Supreme Court holdings, the D.C. Circuit has concluded that deliberative materials are outside the scope of APA review and are thus not part of the administrative record.  In *San Luis Obispo Mothers for Peace v. U.S. Nuclear Regulatory Commission*, the D.C. Circuit, sitting en banc, determined that transcripts of an internal meeting of the Nuclear Regulatory Commission did not form part of the administrative record, explaining that "[t]hese transcripts record the frank deliberations of Commission members engaged in the collective mental processes of the agency."  789 F.2d 26, 44 (D.C. Cir. 1986) (en banc).  Citing *Morgan* and *Overton Park*, the court found that plaintiffs failed to make "a strong showing of bad faith or improper behavior," noting that the mere existence of the transcripts could not justify supplementation.  *Id.* (quotation omitted).  The court explained that "[w]ere courts regularly to review the transcripts of agency deliberative proceedings, the discussions would be conducted with judicial scrutiny in mind.  Such agency proceedings would then be useless both to the

agency and to the courts." *Id.* at 45. The court analogized an agency's deliberations to those of a court: "[w]ithout the assurance of secrecy, the court could not fully perform its functions." *Id.*

Subsequently, the D.C. Circuit has repeatedly affirmed that deliberative materials are beyond the scope of the record. *See, e.g.*, *Oceana, Inc. v. Ross (Oceana v. Ross)*, 920 F.3d 855, 865 (D.C. Cir. 2019) ("The District Court correctly observed that predecisional and deliberative documents are not part of the administrative record to begin with, so they do not need to be logged as withheld from the administrative record." (internal quotation marks and citation omitted)); *In re Subpoena Duces Tecum*, 156 F.3d 1279, 1279-80 (D.C. Cir. 1998) ("[T]he actual subjective motivation of agency decisionmakers is immaterial as a matter of law . . . ."); *Kan. State Network, Inc. v. FCC*, 720 F.2d 185, 191 (D.C. Cir. 1983) (striking transcripts of agency deliberations from record because "[w]here an agency has issued a formal opinion or a written statement of its reasons for acting, transcripts of agency deliberations . . . should not routinely be used to impeach that written opinion"). The Sixth Circuit has reached the same conclusion. *See, e.g.*, *In re U.S. Dep't of Def. & U.S. Envtl. Prot. Agency Final Rule*, No. 15-3751, 2016 WL 5845712, at *2 (6th Cir. Oct. 4, 2016) (per curiam) ("Deliberative process materials are generally exempted from inclusion in the record in order to protect the quality of agency decisions by ensuring open and candid communications.").

To rebut this established Circuit case law, Plaintiff relies on non-precedential district court cases that have, at times, ordered federal agencies to include deliberative documents in administrative records—a position that no Circuit court has endorsed. But these cases show only that there is disagreement within district courts in the Ninth Circuit on this issue because the Ninth Circuit has not yet reached it. *California v. U.S. Dep't of Homeland Sec.*, Nos. 19-cv-04975-PJH, 19-cv-04980-PJH, 2020 WL 1557424, at *9 (N.D. Cal. Apr. 1, 2020) ("The Ninth

DEFS.' OPP'N TO MOT. TO COMPEL
COMPLETION OF THE ADMIN. RECORD          15

Circuit has not directly addressed whether the federal government must produce a privilege log or whether the government may exclude deliberative documents from the administrative record altogether in an APA case."). And "[d]istrict court opinions are relevant for their persuasive authority but they do not bind other district courts within the same district." *City of Fresno v. United States*, 709 F. Supp. 2d 888, 909 (E.D. Cal. 2010). Indeed, while BMBP cites to Northern District of California and District of Montana cases that support their view, they strategically ignore the District of Arizona, Alaska, Eastern and Central District of California, and District of Nevada cases that have held that deliberative materials are outside the scope of the administrative record. *See, e.g.*, *Save the Colorado v. U.S. Dep't of Interior*, No. CV-19-08285-PCT-MTL, 2021 WL 390497, at *4 (D. Ariz. Feb. 4, 2021) ("The Court finds the Department's argument that deliberative documents are not part of the administrative record persuasive . . . . The Court's task is to assess the lawfulness of the agency's action based on the reasons offered by the agency . . . not to 'probe the mental processes' of agency decision-makers." (citations omitted)); *Ctr. for Biological Diversity v. Wolf*, 447 F. Supp. 3d 965, 976 (D. Ariz. 2020) ("To the extent any requested documents in the possession of Defendants are predecisional and deliberative, they need not be disclosed or unredacted."); *Ctr. for Biological Diversity v. Zinke*, 3:18-cv-00064-SLG, 2018 WL 8805325, at *4 (D. Alaska Nov. 16, 2018) ("The Court finds persuasive the D.C. Circuit's reasoning that 'the actual subjective motivation of agency decisionmakers is immaterial as a matter of law—unless there is a showing of bad faith or improper behavior.'" (internal citation omitted)); *Golden Gate Salmon Ass'n*, 2018 WL 3129849, at *5 (noting that courts have "declin[ed] to require deliberative materials be included in an administrative record as a matter of course because doing so contravenes 'the standard presumption that the agency properly designated the Administrative Record'" (citation and

DEFS.' OPP'N TO MOT. TO COMPEL
COMPLETION OF THE ADMIN. RECORD          16

emphasis omitted)); *ASSE Int'l v. Kerry*, 8:14-cv-00534-CJC(JPRx), 2018 WL 3326687, at *2

(C.D. Cal. Jan. 3, 2018) ("Because APA review is limited to the agency's stated reasons and the

agency's deliberations are immaterial, . . . the agency may 'exclude materials that reflect internal

deliberations' when designating the administrative record." (citations omitted)); *Carlsson v. U.S.*

*Citizenship & Immigr. Servs.*, No. 2:12-cv-7893-CAS(AGRx), 2015 WL 1467174, at *7 n.5

(C.D. Cal. Mar. 23, 2015) ("deliberations or communications between agency staff" are "not

properly part of an administrative record"); *United States v. Carpenter*, No. 3:99-cv-00547-RLH-

RAM, 2011 WL 4763675, at *3 (D. Nev. Oct. 7, 2011) (denying the plaintiff's request to include

documents and materials relating to the "internal deliberative process of the agency or the mental

processes of individual agency members" in the administrative record (internal quotation marks

and citation omitted)).

To be clear, the parties agree that the record "consists of all documents and materials

directly or indirectly considered by agency decision-makers," no matter if they support or

undercut the agency's position. *Thompson*, 885 F.2d at 555 (emphasis and citation omitted).

The Forest Service included those documents and materials—stand surveys, historical records,

studies, scientific literature, comments from interested parties, and so on—in the record, and this

Court will review whether the agency's stated justifications in the Decision Notice and

Environmental Assessment are arbitrary and capricious considering that record. Where BMBP

goes wrong is in insisting the Court also review pre-decisional, deliberative materials. In sharp

contrast to the categories of record evidence described above, deliberative documents merely

*reflect* consideration of evidence; they are not themselves *evidence*, and thus are not themselves

considered, directly or indirectly. Deliberative materials are no more part of the administrative

record than bench memoranda prepared for a trial court judge are part of an appellate record. *Cf.*

*Morgan*, 313 U.S. at 422 ("Just as a judge cannot be subjected to such a scrutiny, . . . so the integrity of the administrative process must be equally respected." (internal citation omitted)).

BMBP claims these materials are necessary to ferret out some secret motive behind the decision. Pl.'s Mot. 18. BMBP's approach is generally forbidden on APA review, as the Supreme Court recently reiterated. *See Dep't of Commerce v. New York*, 139 S. Ct. 2551, 2573-74 (2019) (holding that (1) a court evaluating the agency's contemporaneous explanation should not inquire into the mental processes of administrative decisionmakers absent a "strong showing of bad faith or improper behavior," and (2) "a court may not reject an agency's stated reasons for acting simply because the agency might also have had other unstated reasons" (internal citation omitted)). And BMBP's predetermination claim requires it to show *objective* evidence that the agency has made an "irreversible and irretrievable commitment of resources" and has reached "the go/no go point of commitment," *Conner v. Burford*, 848 F.2d 1441, 1447-48 (9th Cir. 1988), not attempt to divine the secret motives of the decisionmakers. *See Friends of Se.'s Future v. Morrison*, 153 F.3d 1059, 1063 (9th Cir. 1998) (Forest Service's issuance of a Tentative Operating Schedule was not an "'irreversible and irretrievable commitment' of resources" because agency still retained "'the absolute right' to prevent the use of the resources in question." (quoting *Conner*, 848 F.2d at 1449)). After all, "an agency can formulate a proposal or even identify a preferred course of action before completing" its NEPA analysis. *Ass'n of Pub. Agency Customers, Inc. v. Bonneville Power Admin.*, 126 F.3d 1158, 1185 (9th Cir. 1997).

That is not to suggest a court may *never* review deliberative materials. Rather, a plaintiff must first make a "strong showing of bad faith or improper behavior." *Dep't of Commerce* at

2573-74 (quoting *Overton Park*, 401 U.S. at 420).[13]  BMBP invites the Court to invert the burden and endorse a fishing expedition into the deliberative processes of the agency.  The Court should reject that invitation.  Because Plaintiff has not identified any "strong evidence" of bad faith or improper behavior, this Court should restrict its review to the lodged record and to whether the Forest Service "examine[d] the relevant data and articulate[d] a satisfactory explanation for its action including a 'rational connection between the facts found and the choice made.'"  *State Farm*, 463 U.S. at 43 (internal citation omitted).

> 2.    Because Deliberative Documents are Not Part of the Record, They Need Not Be Logged.

BMBP's argument that the Forest Service needs to provide a privilege log for deliberative documents fails because deliberative documents are not properly part of an agency's administrative record in the first instance.  Because deliberative materials are outside the scope of the administrative record, they are not being excluded from the administrative record on privilege grounds and so need not be listed in a privilege log.  *See Oceana v. Ross*, 920 F.3d at 865 ("The District Court correctly observed that predecisional and deliberative documents are not part of the administrative record to begin with, so they do not need to be logged as withheld from the administrative record." (internal quotation marks and citations omitted)); *California v. U.S. Dep't of Labor*, No. 13-cv-2069-KJM-DAD, 2014 WL 1665290, at *13 (E.D. Cal. Apr. 24, 2014) ("[B]ecause internal agency deliberations are properly excluded from the administrative

---

[13] Even Plaintiff's preferred forum—the Northern District of California—has recognized the principle.  *See California v. U.S. Dep't of Homeland Sec.*, 2020 WL 1557424, at *9 ("Reading the Supreme Court and Ninth Circuit's opinions together, a court may order a privilege log and include non-privileged deliberative documents in the record but only after providing the federal government the opportunity to argue the issue . . . . [and] such relief is only appropriate after plaintiffs rebut the presumption of completeness." (internal citation omitted)).

DEFS.' OPP'N TO MOT. TO COMPEL
COMPLETION OF THE ADMIN. RECORD          19

record, the agency need not provide a privilege log." (citation omitted)); *San Luis & Delta-Mendota Water Auth. v. Jewell*, No. 1:15-cv-1290-LJO-GSA, 2016 WL 3543203, at *19 (E.D. Cal. June 23, 2016) (holding deliberative documents are not part of an administrative record, and requiring a privilege log would contravene the presumption of regularity and APA record-review standards); *Ctr. for Biological Diversity v. Zinke*, 2018 WL 8805325, at *4, *8 (holding defendants need not submit a privilege log for "strictly internal documents, including [the agency's] records of entirely internal meetings").

## CONCLUSION

Plaintiff has not shown that either the broad categories of documents, or any individual documents that they identify, were directly or indirectly considered by the agency during its decision-making process. Nor have they shown that any of the deliberative materials within those categories of documents belong in the record. For these reasons, the Court should deny the motion to compel completion of the administrative record in its entirety.

Dated:  April 9, 2021

JEAN E. WILLIAMS
Acting Assistant Attorney General
United States Department of Justice

*/s/ Sean C. Duffy*
SEAN C. DUFFY (NY 4103131)
Environment & Natural Resources Division
Natural Resources Section
150 M Street, NE
Washington, DC 20002
Tel:  (202) 305-0445
Fax:  (202) 305-0506
E-mail:  sean.c.duffy@usdoj.gov

*Attorneys for Defendants*