Plaintiff's Motion for Leave to File Sur-Reply

# Exhibit 1

Tom Buchele, OSB No. 081560
Earthrise Law Center
10101 S. Terwilliger Blvd.
Portland, OR 97219-7799
Telephone: 503-768-6736
Fax: 503-768-6642
E-mail: tbuchele@lclark.edu

Jesse A. Buss, OSB No. 122919
Willamette Law Group
411 Fifth Street
Oregon City, OR 97045-2224
Telephone: 503-656-4884
Fax: 503-608-4100
E-mail: jesse@WLGpnw.com

Attorneys for Plaintiff Blue Mountains Biodiversity Project

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PENDLETON DIVISION

| | |
|---|---|
| **BLUE MOUNTAINS BIODIVERSITY PROJECT**, an Oregon non-profit corporation;<br><br>                    Plaintiff,<br><br>    v.<br><br>**SHANE JEFFRIES**, in his official capacity as Ochoco National Forest Supervisor; and<br>**UNITED STATES FOREST SERVICE**, an agency of the United States Department of Agriculture,<br><br>                    Defendants. | Case No. 2:20-cv-2158-SU<br><br>**PLAINTIFF'S SUR-REPLY IN OPPOSITION TO DEFENDANTS' MOTION TO SET BRIEFING SCHEDULE (ECF No. 29)** |

## Introduction

The Forest Service filed a reply raising a new material fact (a changed project implementation date), a new argument, and new citations to authority, including an exhibit from an unrelated case. *See* ECF No. 31. This sur-reply responds to those new matters.

## Argument

**A. The changed project implementation month (September to October) does not change the analysis.**

As detailed in the Buss Declaration, filed herewith, until last week the Forest Service had repeatedly and consistently represented to BMBP and the Court that project implementation would begin sometime in September of this year. That changed on July 9th, when the Forest Service filed its reply brief. According to that document (but unsupported by any declaration), Walton Lake project implementation is now postponed until at least October 15th. ECF No. 31 at 4. Although significant in that it contradicts six months of otherwise consistent statements from the Forest Service, that project scheduling change does not save the Forest Service's pending scheduling motion because it still does not allow for enough time to resolve this case on the merits before project implementation begins.

The Forest Service's reply provides no justification for the delay from a September to an October implementation date. It is not difficult to imagine the reason for the change: likely, the Forest Service is hoping that a month-long delay in project implementation will improve its chances that the Court will grant its motion to order plaintiff into immediate summary judgment briefing. But a month-long delay does not solve the problem identified by BMBP in its opposition brief, namely that "Even under Defendant's proposed summary judgment schedule, and assuming a super-expedited decision from the Court, that timeline would take the parties into

**late November or early December**." ECF No. 30 at 5 (bolding added). The Forest Service's reply completely ignores that argument and does not even attempt to explain how, even with an October implementation date, there is any hope of resolving this case on the merits before implementation begins. To be sure, if project implementation begins in October (or even November), there is almost no chance of resolving this case on the merits before then. *See* Buss Decl. at ¶ 12 (counsel for Forest Service reported this week that project implementation would begin in the fall); ECF No. 30 (opposition brief) at 5 (detailing the practical barriers to fully resolving the merits before winter). Therefore, despite the Forest Service's 11th-hour decision to move the goal posts for its scheduling motion, the September to October change to the project implementation schedule does not change the analysis. The Court should therefore decline to require BMBP to file its summary judgment motion until after the AR dispute is resolved.

**B. Overlapping the summary judgment briefing and the preliminary injunction briefing is not efficient.**

The Forest Service's reply, together with recent statements made by the Forest Service's counsel, appears to concede that emergency briefing is practically inevitable. ECF No. 31 at 5 ("By ordering a [summary judgment] briefing schedule, the Court could have all of the issues fully briefed before any emergency relief is sought and the Parties could rely upon those briefs in arguing the substantial likelihood of success on the merits."); Buss Decl. at ¶ 12 (counsel for the Forest Service recently stated that the Forest Service will not agree to further postpone Walton Lake project implementation). And, indeed, based on the project schedule as now represented by the Forest Service, BMBP will surely need to file a preliminary injunction sometime in August

or early September.[1] But, contrary to the Forest Service's assertion, ordering BMBP to file a summary judgment motion both without the benefit of a settled AR and shortly before it files a motion for a preliminary injunction would *not* create efficiencies; it would create more work for BMBP and, likely, for the Court.

The Forest Service proposes that BMBP first be required to file a summary judgment brief addressing only merits issues in late July. ECF No. 29 at 5. But it concedes that when BMBP is forced to seek preliminary relief in August or September, BMBP will then need to file a second brief addressing the other factors for injunctive relief. See ECF No. 31 at 5. In contrast, if the parties first brief a motion for a preliminary injunction motion in August or September, the Court's resolution of that motion could, and as a practical matter likely would, resolve some or all of the issues in this case. Any legal or evidentiary issues fully resolved in the context of a preliminary injunction proceeding may be consolidated with the Court's subsequent resolution of the merits. Fed. R. Civ. P. 65(a)(2). Moreover, sometimes the granting of a preliminary injunction ends the case, as it did when the parties first litigated an earlier version of this same project in 2016. *League of Wilderness Defenders/Blue Mountains Biodiversity Project v. Turner*, No. 2:16-cv-01648-MO (D. Or. 2016), ECF No. 24 (Forest Service's withdrawal of challenged Walton Lake decision after Court granted BMBP's requested preliminary injunction). Put plainly, briefing a preliminary injunction first is far more efficient than first briefing summary judgment and then subsequently briefing the unique issues raised by a motion for a preliminary

---

[1]    Counsel for BMBP will confer with counsel for the Forest Service regarding an appropriate preliminary injunction briefing schedule, and will contact the Court for available oral argument dates.

Plaintiff's Sur-Reply in Opposition to Defendants' Motion to Set Briefing Schedule         3

injunction. This undermines the entire stated justification for the Forest Service's scheduling motion, namely: creating efficiency.[2]

### C. The cases cited by the Forest Service are unhelpful here.

Two of the cases Defendant cites in its reply, *Los Padres Forest Watch v. U.S. Forest Serv.*, (C.D. Cal.), No. 2:19-cv-5925 and *Wild Wilderness v. Allen*, No. 6:13-cv-0523-TC (D. Or.), both involved scheduling orders that the parties negotiated and both parties asked the Court to enter. *See Los Padres,* ECF No. 35 (agreed schedule).[3] Unlike here, in those cases the record disputes were either resolved before summary judgment briefing, *see Wild Wilderness,* ECF No. 29 (defendant filing supplemental record before summary judgment briefing), or were quite limited, *see Los Padres,* ECF No. 38 (plaintiffs' motion seeking to supplement the record with a single document). Here, by contrast, the AR dispute is both significant (involving a withheld privilege log and hundreds of disputed records) and, as yet, unresolved.[4] For these reasons, *Los Padres* and *Wild Wilderness* are unhelpful to the situation and analysis here.

---

[2] The Forest Service is going to great lengths in its attempts to force *BMBP* to file a summary judgment motion before the administrative record is complete and finalized. However, since the Forest Service apparently does not believe it would be prejudiced by seeking summary judgment based on an incomplete record, there is no rule preventing *the Forest Service itself* from filing a motion for summary judgment whenever it wants to do so. If the Forest Service believes it is more efficient for it to brief summary judgment first, before the record is settled, then it can file its own motion for summary judgment. The Forest Service does not need BMBP's agreement or the Court's permission to file such a motion, so it is unclear why the Forest Service has not yet done so.

[3] Plaintiff's counsel here, Mr. Buchele, was counsel of record in the *Wild Wilderness* case and can attest that the schedule that court entered, see ECF No. 14, was a schedule agreed to by both parties.

[4] It is also worth noting that the ambitious schedules initially agreed to by the parties in those cases both ended up taking several months longer. *See Los Padres*, ECF Nos. 36 and 55 (defendant filing final brief more than two months later than initially scheduled); *Wild Wilderness,* ECF No. 14 and 41 (same).

The third case cited in the Forest Service's reply brief is *Alliance for the Wild Rockies v. Lannom*, No. 9:21-cv-51-DLC-KLD (D. Mont. July 6, 2021), ECF No. 9. ECF No. 31 (reply brief). Specifically, the Forest Service attaches a scheduling order from that case, in which counsel for the Forest Service in this case, Sean Duffy, is also the trial attorney. *Id.*, Ex. 1; *see also Alliance for the Wild Rockies*, ECF No. 8 (Joint Case Management Plan). For several reasons, the scheduling order in that case does not help the Forest Service here. First, that order was adopted by the near complete agreement of the parties.[5] Buss Decl., Ex. 1. There is no such agreement here. And second, there, unlike here, the Forest Service agreed not to implement the challenged logging project until 2022 and, in exchange, the plaintiffs agreed not to seek a preliminary injunction in 2021. *Id.* at 5 ("Plaintiffs will not file a motion for preliminary injunction in 2021 based on the Forest Service's agreement not to implement commercial timber sales in 2021[.]"). Of course, as is now abundantly clear, in this case the Forest Service is insisting on beginning logging in the fall of 2021. Buss Decl. at ¶ 12. And so, unfortunately, the amicable agreement the parties are enjoying in *Alliance for the Wild Rockies* is lacking here, which makes the scheduling order in that case unhelpful to the present dispute.

---

[5] The only portion of the order that was *not* adopted by full agreement of the parties was the portion stating that "The filing of a motion to supplement the Administrative Record will not suspend the Summary Judgment briefing schedule set forth herein." ECF No. 31-1 (scheduling order). But there, unlike here, it was *the Forest Service* that opposed concurrently briefing an AR dispute and motions for summary judgment. Buss Decl., Ex. 1, at 4 ("Defendants' position is that modification of the subsequent deadlines proposed below will be necessary in the event there is motions practice concerning the contents of the administrative record."). In other words, the Forest Service in this case is taking the opposite position that it took mere weeks ago in *Alliance for the Wild Rockies*.

**Conclusion**

For the reasons explained in BMBP's opposition and in this sur-reply, the Court should deny the Forest Service's motion to establish a premature and ineffectual summary judgment schedule. If the Forest Service insists on moving forward with summary judgment immediately, nothing is stopping it from filing its own motion at any time, although that, too, will not avoid the need for preliminary injunction briefing starting in August or early September.

Dated: July 14, 2021.

                                Respectfully submitted,

                                */s/ Jesse A. Buss*
                                Jesse A. Buss, OSB # 122919
                                411 Fifth Street
                                Oregon City OR 97045-2224
                                Tel: 503-656-4884
                                Fax: 503-608-4100
                                Email: jesse@WLGpnw.com

                                */s/ Tom Buchele*
                                Tom Buchele, OSB # 081560
                                Earthrise Law Center
                                Lewis & Clark Law School
                                10101 S. Terwilliger Blvd.
                                Portland OR 97219-7799
                                Telephone: 503-768-6736
                                Fax: 503-768-6642
                                E-mail: tbuchele@lclark.edu

                                Attorneys for Plaintiff Blue Mountains Biodiversity Project