Decl. of Jesse A. Buss

# Exhibit 1

JEAN E. WILLIAMS, Acting Assistant Attorney General
United States Department of Justice
Environment & Natural Resources Division
SEAN DUFFY, Trial Attorney (NY Bar No. 4103131)
Natural Resources Section
DEVON L. FLANAGAN, Trial Attorney (D.C. Bar No. 1022195)
Wildlife & Marine Resources Section
Ben Franklin Station
P.O. Box 7611
Washington, DC 20044-7611
Tel: (202) 305-0201 (Flanagan); (202) 305-0445 (Duffy)
Fax: (202) 305-0275 (Flanagan); (202) 305-0556 (Duffy)
Email: devon.flanagan@usdoj.gov
sean.c.duffy@usdoj.gov

*Attorneys for Federal Defendants*

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION**

|  |  |
|---|---|
| **ALLIANCE FOR THE WILD ROCKIES**, **NATIVE ECOSYSTEMS COUNCIL**, <br><br> Plaintiffs, <br><br> v. <br><br> **KEITH LANNOM**, Deputy Regional Forester, Region One of U.S. Forest Service, **U.S. FOREST SERVICE**, and **U.S. FISH & WILDLIFE SERVICE**. <br><br> Defendants. | Case No. 9:21-cv-00051-DLC-KLD <br><br><br> **CASE MANAGEMENT PLAN** |

Federal Defendants and Plaintiffs by and through their counsel, have conferred regarding this case and hereby submit the following Joint Case Management Plan for resolution of this matter, in accordance with the Court's April 29, 2021 Order, ECF No. 3:

1.      Plaintiffs filed this case as a civil action for declaratory and injunctive relief for alleged violations of National Environmental Policy Act ("NEPA"), 42 U.S.C. §§ 4331 et seq., the National Forest Management Act ("NFMA"), 16 U.S.C. §§ 1600 et seq., and the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701 et seq.  *See* Complaint, ECF No. 1.  On May 31, 2021, Plaintiffs filed an amended complaint, which added claims under the Endangered Species Act ("ESA"), 16 U.S.C. §§ 1531-1544.  *See* First Amended Complaint, ECF No. 4. The parties agree that this case will be resolved through cross-motions for summary judgment in lieu of a trial.  The Parties do not intend to seek discovery in this case.  The Parties may not agree on the proper scope of review and content of the administrative record. In the event of a dispute, the Parties agree to brief the scope of review issue in briefing on a motion to supplement or complete the record or take judicial notice. The parties disagree on whether summary judgment briefing should proceed while disagreements about the administrative record remain unresolved. Additionally, the Parties understand that the Parties shall not use any acronyms except for these following, commonly understood acronyms: NEPA,

NFMA, APA, ESA, USFS, FWS, and EIS.

2.      Counsel for the parties do not believe that this case is amenable to settlement at this time, but will continue to explore possibilities for settlement while this matter is pending.

3.      The parties have agreed on the following proposed deadlines:

a. **Motions to Dismiss**.  The parties do not anticipate any motions to dismiss.

b. **Certification of the Administrative Record(s).**  On or before **August 31, 2021**, Federal Defendants will lodge the administrative record(s) for the decisions challenged in Plaintiffs' Amended Complaint in electronic, indexed, and searchable format.  Federal Defendants will simultaneously serve a copy of the administrative record(s) on counsel for the parties.

c. **Motions to Supplement the Administrative Record(s).**  The parties will meet and confer no later than **September 14, 2021** to attempt to resolve any disputes concerning the contents or completeness of the Administrative Record.  If these efforts are unsuccessful, any motion objecting to the contents of the administrative record(s) or seeking to complete, supplement, or augment the record(s) with any documents, declarations, or other

evidence will be filed no later than **October 5, 2021.** Federal

Defendants response to the motion would be due **October 26,**

**2021**, and any reply brief would be due **November 9, 2021**.

Defendants' position is that modification of the subsequent

deadlines proposed below will be necessary in the event there is

motions practice concerning the contents of the administrative

record(s). Plaintiffs' position is that the filing of a motion under

this section will not affect the summary judgment briefing schedule

set forth below. *See e.g.* CV-21-22-DWM, Doc. 10 (June 2, 2021).

d.  **Motions to Amend the Pleadings.** Any motion to amend the

pleadings will be filed no later than October 5, 2021.

e.  **Completion of Discovery.** The parties do not anticipate any

discovery in this matter. Therefore, deadlines for completion of

discovery are not necessary.

f.  **Motions for Summary Judgment.** The parties propose that their

respective motions for summary judgment be fully briefed

pursuant to the schedule and word-count limits described below.

| **Filing** | **Deadline** | **Word Limit** |
| --- | --- | --- |
| Plaintiffs' Motion for Summary Judgment | **October 26, 2021** | 10,000 words |
| Defendants' Opposition and Cross-Motion for Summary Judgment | **December 7, 2021** | 10,000 words |
| Plaintiffs' Opposition and Reply | **December 28, 2021** | 6,250 words |
| Defendants' Reply | **January 25, 2021** | 6,250 words |

g. **Additional Deadlines Agreed to by the Parties.** Motion for Preliminary Injunction. Plaintiffs will not file a motion for preliminary injunction in 2021 based on the Forest Service's agreement not to implement commercial timber sales in 2021 and on the Forest Service's representation that the Montana Department of Natural Resources and Conservation (DNRC) similarly agrees not to implement Good Neighbor Authority (GNA) timber sales in 2021. The Forest Service will provide Plaintiffs with at least 30 days' notice before any ground disturbing activities for timber sales occur in 2022. If such notice occurs in 2022 and this matter has not been resolved on the merits, the Parties will either attempt to resolve a dispute

over implementation or file an expedited briefing schedule for

the preliminary injunction motion with the Court at that time.

h.    The parties also agree that a stipulation as to foundation and

authenticity is not appropriate for this case.

Dated: June 30, 2021

<table>
<tr>
<td>

*/s/Rebecca K. Smith*
Rebecca K. Smith
PUBLIC INTEREST DEFENSE
CENTER, PC
P.O. Box 7584
Missoula, MT 59807
(406) 531-8133
publicdefense@gmail.com

Timothy M. Bechtold
BECHTOLD LAW FIRM, PLLC
P.O. Box 7051
Missoula, MT 59807
(406) 721-1435
tim@bechtoldlaw.net

Attorneys for Plaintiffs

</td>
<td>

JEAN E. WILLIAMS
Acting Assistant Attorney General
U.S. Department of Justice
Environment & Natural Resources
Division

*/s/ Sean C. Duffy*
SEAN C. DUFFY, Trial Attorney
(NY Bar No. 4103131)
Natural Resources Section
Ben Franklin Station
P.O. Box 7611
Washington, DC 20044
Tel: (202) 305-0445 / Fax: (202) 305-0506
sean.c.duffy@usdoj.gov

DEVON LEA FLANAGAN, Trial
Attorney
(D.C. Bar No. 1022195)
Wildlife & Marine Resources Section
Ben Franklin Station
P.O. Box 7611
Washington, D.C. 20044
Tel: 202-305-0201/ Fax: 202-305-0275
Email: Devon.Flanagan@usdoj.gov

*Attorneys for Federal Defendants*

</td>
</tr>
</table>