IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PENDLETON DIVISION

BLUE MOUNTAINS BIODIVERSITY                    Civ. No. 2:20-cv-02158-SU
PROJECT,

                     Plaintiff,            **OPINION & ORDER**

      v.

SHANE JEFFERIES; UNITED
STATES FOREST SERVICE,

                  Defendants.

_____

SULLIVAN, Magistrate Judge

      The environmental challenge comes before the Court on Plaintiff's Motion to Compel Completion of the Administrative Record.  ECF No. 10.  The Court heard oral argument on July 29, 2021.  ECF No. 39.  For the reasons set forth below, the Motion is DENIED.

## BACKGROUND

      Plaintiff Blue Mountains Biodiversity Project brings this action under the Administrative Procedure Act, 5 U.S.C. § 551 *et seq.* to challenge the Decision Notice ("DN"), Finding of No Significant Impact ("FONSI"), and Environmental Assessment ("EA") issued by the United States Forest Service and signed by Ochoco National Forest Supervisor Shane Jefferies in December 2020 (the "2020 Project").  Am. Comp. ¶ 1.  ECF No. 12.  The challenged decision involves a logging project in the Walton Lake area of the Ochoco National Forest.  *Id.* at ¶ 2.  The Government lodged its administrative record in this case on March 26, 2021.  ECF No. 13.

The Forest Service had previously planned a logging project in the same area in 2015 (the "2015 Project"), which Plaintiff challenged in *League of Wilderness Defenders/Blue Mountain Biodiversity Project v. Turner*, Case No. 2:16-cv-01648-MO.  On October 6, 2016, Judge Mosman granted a motion for a preliminary injunction in *Turner* and enjoined the Forest Service from carrying out the 2015 Project.  ECF No. 31 in Case No. 2:16-cv-01648-MO.  Following the preliminary injunction, the Forest Service withdrew its final decision in the 2015 Project and opted to pursue additional analysis at the administrative level.  Am. Compl. ¶ 43.

## LEGAL STANDARD

The APA requires a court to "review the whole record or those parts of it cited by a party." 5 U.S.C. § 706; *see also Animal Def. Council v. Hodel*, 840 F.2d 1432, 1436 (9th Cir. 1988) ("[J]udicial review of agency action is limited to review of the administrative record.").  The whole administrative record "consists of all documents and materials directly or indirectly considered by the agency decision-makers and includes evidence contrary to the agency's position." *Thompson v. U.S. Dep't of Labor*, 885 F.2d 551, 555 (9th Cir. 1989) (citation omitted).  An agency is entitled to a presumption that it properly designated the administrative record, known as the presumption of regularity or the presumption of completeness.  *In re United States*, 875 F.3d 1200, 1206 (9th Cir. 2017), *vacated on other grounds*, ___U.S.___, 138 S. Ct. 443 (2017); *see also Goffney v. Becerra*, 995 F.3d 737, 748 (9th Cir. 2021) ("But like other official agency actions, an agency's statement of what is in the record is subject to a presumption of regularity," and courts "must therefore presume that an agency properly designated the Administrative Record absent clear evidence to the contrary." (internal quotation marks and citation omitted)).  Agencies may also exclude documents reflecting internal deliberations and those that probe the "mental processes of

administrative decision makers." *Citizens to Pres. Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420 (1971).

To overcome this presumption, a party seeking supplementation of the administrative record "must show by clear evidence that the record fails to include documents or materials considered by [the agency] in reaching the challenged decision" and that the record as presented cannot allow substantial and meaningful judicial review. *Ctr. for Native Ecosystems v. Salazar*, 711 F. Supp.2d 1267, 1272, 1275 (D. Colo. 2010); *Save the Colorado v. U.S. Dep't of the Interior*, ___F. Supp.3d___, No. CV-19-08285-PCT-MTL, 2021 WL 390497, at *2 (D. Ariz. Feb. 4, 2021). There are four narrow reasons that justify expanding the administrative record: (1) supplementation is necessary to determine whether the agency has considered all factors and explained its decision; (2) the agency relied on documents not in the record; (3) supplementation is needed to explain technical terms or complex subjects; or (4) plaintiffs have shown bad faith on the part of the agency. *Fence Creek Cattle Co. v. U.S. Forest Serv.*, 602 F.3d 1125, 1131 (9th Cir. 2010). When moving for a court order that an agency supplement the administrative record with specific documents, a party must identify the documents and reasonable, non-speculative grounds for its belief that the documents were considered by the decision-makers involved in the determination. *Pinnacle Armor, Inc. v. United States*, 923 F. Supp.2d 1226, 1239 (E.D. Cal. 2013) (internal quotation marks and citation omitted). The plaintiff "must do more than imply that the documents at issue were in the agency's possession," and "must prove that the documents were before the actual decision makers involved in the determination." *Id.* (internal quotation marks and citation omitted, alterations normalized). The party seeking supplementation has a "heavy burden" of demonstrating that the excluded materials are necessary to adequately review the agency decision. *Fence Creek Cattle Co.*, 602 F.3d at 1131.

## DISCUSSION

Plaintiff moves the Court for an order compelling the Forest Service to complete or supplement the administrative record by adding documents or categories of documents to the administrative record. Specifically, Plaintiff seeks to compel the addition of the administrative record from the 2015 Project litigated in *Turner*, as well as 162 documents produced to Plaintiff pursuant to a Freedom of Information Act ("FOIA") request. Plaintiff also seeks to compel the production of a privilege log detailing all documents withheld under a claim of privilege, particularly including documents withheld under a claim of deliberative process privilege or attorney work product privilege.

As a preliminary matter, Plaintiff contends that the presumption of regularity no longer applies in APA challenges. However, the Ninth Circuit has recently reaffirmed the presumption of regularity:

> The Administrative Procedure Act requires us to review an agency's action based on the whole record. That includes everything that was before the agency pertaining to the merits of its decision . . . We have explained that a court reviewing an agency's action may examine "extra-record evidence" only in limited circumstances that are narrowly construed and applied. Such circumstances are present, for example, when the agency has relied on documents not in the record or when plaintiffs make a showing of agency bad faith. But like other official agency actions, an agency's statement of what is in the record is subject to a presumption of regularity. We must therefore presume that an agency properly designated the Administrative Record absent clear evidence to the contrary.

*Goffney*, 995 F.3d at 747-48 (internal quotation marks and citations omitted).

Consistent with that well-established standard, the Court will apply the presumption of regularity in assessing Plaintiff's motion.

## I.    Certification of the Record

In its Reply, ECF No. 21, Plaintiff raises a challenge to the presumption of regularity on the basis that the declaration certifying the record as complete is defective. The Forest Service has

certified the administrative record through the Declaration of Veronica Tischer, a paralegal specialist employed by the Forest Service.  ECF No. 13-1.  Tischer affirms that "[u]nder my direction and oversight, the Forest Service compiled and indexed the documents comprising its administrative record," and "[t]o the best of my knowledge and belief, the documents listed in the index are materials that have been considered, either directly or indirectly, by the relevant Forest Service officials in connection with their efforts in carrying out administrative tasks, activities, and constituent steps related to the Walton Lake Restoration Project on the Ochoco National Forest." Tischer Decl. ¶¶ 2-3.

Plaintiff contends that, because Tischer has only been employed by the Forest Service since 2020, she is not qualified to certify the completeness of a record that predates her employment. "An agency's designation and certification of the administrative record is treated like any other established administrative procedures, and thus entitled to a presumption of administrative regularity." *McCrary v. Gutierrez*, 495 F. Supp.2d 1038, 1041 (N.D. Cal. 2007).  "Accordingly, in the absence of clear evidence to the contrary, courts presume that public officers have properly discharged their official duties."  *Id.* (internal quotation marks and citation omitted, alterations normalized).  In this case, Plaintiff has offered no support for the contention that an agency employee must have had some personal involvement in a proposed project for the entire duration of the administrative process in order to oversee the compilation the record for that project or to certify that the record is complete to the best of her knowledge.  The Tischer Declaration is, like the rest of the administrative record, entitled to a presumption of regularity and Plaintiffs have failed to overcome that presumption.

Plaintiff also contends that the certification is defective because it fails to include materials constituting "constituent steps" in the reaching the final decision for the 2020 Project, but those issues are addressed in the following sections.

## II.    The Record of the 2015 Project

Plaintiff asserts that material from the *Turner* administrative record, which concerned the 2015 Project, should be included in the administrative record for the present case on the basis that the 2020 Project is merely a continuation of the withdrawn 2015 Project.  In its Response, the Forest Service affirms that it "returned to the drawing board and undertook new analysis, sought and considered public input, issued an environmental assessment, and documented its decision in a decision notice."  Def. Resp. at 5. ECF No. 19.  The Forest Service also affirms that when materials from the administrative record of the 2015 Project were considered in making the final decision on the 2020 Project, those materials were included in the administrative record submitted in the present case.  *Id.*

In *Safari Club Int'l v. Jewell*, No. CV-16-00094-TUC-JGZ, 2016 WL 7785452, at *4 (D. Ariz. July 7, 2016), an Arizona district court rejected a similar argument in favor of expanding the administrative record to include material from a prior decision: "Plaintiffs have not cited any authority and this Court could find none, permitting the supplementation of the administrative record based solely on the agency's consideration of evidence in connection with an earlier, related rulemaking." *Id.* at *4.  "Courts are cautioned against such indiscriminate expansion of the record, as it not only fails to give appropriate deference to the agency's designation of the record, but also threatens an improper *de novo* review of the agency action." *Id.*

In this case, the Court concludes that, after weighing the presumption in favor of regularity, Plaintiff has failed to make a sufficient showing that material included in the administrative record

for *Turner* but not included in the administrative record in this case was "before the agency" in making the challenged decisions in the 2020 Project.  The Court therefore declines to compel the agency to supplement the current administrative record with material from the administrative record in *Turner*.

### III.    FOIA Materials

Plaintiff contends that approximately 1,200 pages of material spread out over 162 documents acquired via requests made under FOIA should have been included in the administrative record.  Plaintiff contends that the absence of these documents, and other unidentified documents allegedly withheld from the administrative record, overcome the presumption of regularity.  The Forest Service asserts that these materials are "internal and deliberative" and not appropriate for inclusion in the administrative record. Def. Resp. 12-13.  The Forest Service maintains that "deliberative materials are not part of the 'whole record' to begin with, and so were never 'withheld' on a claim of privilege."  *Id.* at 13.

#### A.  Deliberative Materials

In its Sur-Reply, ECF No. 36, the Forest Service clarifies that it has not withheld material, including those documents produced to Plaintiff under FOIA, under a claim of privilege, nor has it invoked privilege as to the FOIA documents during conferral between the parties.  Rather, the Forest Service maintains that deliberative materials are not part of the "whole record" under the APA and, as a result, are not properly included in the administrative record without reference to privilege.

Broadly speaking, a document is considered deliberative if it reflects the give-and-take of the consultative process, and this includes recommendations, draft documents, proposals, suggestions, and other subjective documents that reflect the personal opinion of the writer, rather

than the policy of the agency.  *Nat'l Wildlife Fed. v. United States Forest Serv.*, 861 F.2d 1114, 1118-19 (9th Cir. 1988).  "Courts rationalize that because probing an agency's deliberative process can be harmful, agencies may, in certain APA contexts, withhold documents to prevent injury to the quality of agency decisions by ensuring that the frank discussion of legal or policy matters in writing, within the agency, is not inhibited by public disclosure."  *Save the Colorado*, 2021 WL 390497, at *3 (internal quotation marks and citation omitted).

"The Ninth Circuit has not squarely resolved whether deliberative documents must be part of the administrative record."  *Save the Colorado*, 2021 WL 390497, at * 3.  The Ninth Circuit has held that a district court's "decision to require a privilege log and evaluate claims of privilege before including deliberative documents 'in the record was not clearly erroneous as a matter of law.'"  *Id.* (quoting *In re United State*, 875 F.3d at 1210).  District courts within the Ninth Circuit are split on whether the Government may withhold deliberative documents from the administrative record.  Some courts have found that "because deliberative documents are limited to the agency's stated reasons and probe the mental processes of agency decision-makers, these materials are irrelevant and impermissible," while other courts have found that "deliberative materials are properly included under the Ninth Circuit's broad definition of 'the whole record.'"  *Id.* (internal quotation marks and citations omitted, collecting cases).

In resolving this issue, "many courts look to D.C. Circuit case law in APA review cases, as the majority of such disputes occur in that circuit."  *ASSE Int'l, Inc. v. Kerry*, Case No SACV 14-00534-CJC(JPRx), 2018 WL 3326687, at *2 (C.D. Cal. Jan. 3, 2018).  "The D.C. Circuit has consistently held that, absent a showing of bad faith or improper behavior, 'deliberative documents are not part of the administrative record.'"  *Save the Colorado*, 2021 WL 390497, at *3 (quoting *Oceana, Inc. v. Ross*, 920 F.3d 855, 865 (D.C. Cir. 2019)); *see also In re United States Department*

*of Defense and United States Environmental Protection Agency Final Rule*, Case Nos. 15-3751, et al., 2016 WL 5845712, at \*2 (6th Cir. Oct. 4, 2016) ("Deliberative process materials are generally exempted from inclusion in the record in order to protect the quality of agency decisions by ensuring open and candid communications.").

In *Save the Colorado*, the district court concluded that deliberative documents are not properly part of the administrative record:

> The Court's task is to assess the lawfulness of the agency's action based on the reasons offered by the agency, not to probe the mental processes of agency decision-makers. Moreover, the Ninth Circuit has cautioned that forced disclosure of predecisional deliberative communications can have an adverse impact on government decision-making. Indeed, requiring disclosure of deliberative materials would chill the frank discussions and debates that are necessary to craft well-considered policy . . . The absence of these documents does not overcome the presumption of regularity and the Department need not supplement the administrative record with deliberative materials.

*Save the Colorado*, 2021 WL 390497, at \*4 (internal quotation marks and citations omitted).

The Court concurs with the reasoning of the district court in *Save the Colorado* and the D.C. Circuit. The Court concludes that deliberative materials are not properly part of the administrative record and so declines to order the Forest Service to supplement the administrative record with those materials. For the same reason, the Court likewise rejects Plaintiff's contention that the existence of other deliberative documents not included in the administrative record, beyond those produced in response to Plaintiff's FOIA request, would serve to overcome the presumption of regularity with respect to the Forest Service's compilation of the administrative record in this case.

## B. Specificity

"When moving for a court order to supplement the administrative record with specific documents, a party must identify the document and reasonable, non-speculative grounds for its

belief that the documents were considered by the decision makers involved in the determination." *Save the Colorado*, 2021WL 390497 at *7; *see also Oceana, Inc. v. Pritzker*, Case No. 16-cv-06784-LHK (SVK), 2017 WL 2670733, at *2 (N.D. Cal. June 21, 2017) (to overcome the presumption of regularity, "the plaintiff must identify the allegedly omitted materials with sufficient specificity and identify reasonable, non-speculative grounds for the belief that the documents were considered by the agency and not included in the record." (internal quotation marks and citation omitted)).

In *Save the Colorado*, as in the present case, the plaintiff sought to introduce materials, including internal communications from the agency, that the plaintiff acquired via a FOIA request. *Save the Colorado*, 2021WL 390497, at *7.  The district court rejected the motion, finding that the plaintiff had "not made a particularized showing of what documents were omitted from the administrative record." *Id.*

In the present case, Plaintiff has supplied 1,200 pages of material it received from the Forest Service through a FOIA request but provides little in the way of specific argument concerning why these documents were improperly excluded from the administrative record beyond cryptic annotations in a spreadsheet listing the documents.  Buchele Decl Ex. F.  ECF No. 11-6.  The Court's own review reveals that these documents are largely deliberative materials consisting of email discussions between agency staff, proposed drafts, and other similar documents.   As discussed in the previous section, the Court has concluded that such materials are not properly part of the administrative record.

## IV.    Privilege Log

Plaintiff asserts that the Forest Service must prepare a privilege log detailing all agency documents withheld from the administrative record on the basis that they were deliberative material.

There is a division of opinion among district courts within the Ninth Circuit about whether an agency should be obliged to produce a privilege log or submit allegedly privileged documents for in-camera review to test whether the documents are deliberative.  *See, e.g., Friends of the Clearwater v. Higgins*, ___F. Supp.3d___, Case No. 2:20-cv-00243-BLW, 2021 WL 827015, at *9-10 (D. Idaho March 4, 2021) (concluding that "the correct way to address the tension between APA review and deliberative process privilege is for Defendants either to file a privilege log or submit the allegedly privileged documents for in camera review.").

Another line of district court cases, including *Save the Colorado*, have reached a contrary conclusion, finding that deliberative materials did not belong in the administrative record and so there was no useful purpose served by ordering a privilege log and"[r]equiring the [Department] to identify and describe on a privilege log all of the deliberative documents would invite speculation into an agency's predecisional process and potentially undermine the limited nature of review available under the APA."  *Save the Colorado*, 2021 WL 390497, at *7-8 (internal quotation marks and citation omitted); *see also California v. U.S. Dep't of Labor*, No. 2:13-cv-02069-KJM-DAD, 2014 WL 1665290, at *13 (E.D. Cal. April 24, 2014) ("[B]ecause internal agency deliberations are properly excluded from the administrative record, the agency need not provide a privilege log.").

As discussed in the previous section, the Court agrees with the reasoning of *Save the Colorado* and has concluded that deliberative materials are not properly part of the administrative

record.  Consistent with that determination, the Court is likewise persuaded by the district court's

reasoning in *Save the Colorado* concerning the production of a privilege log and concludes that

such a log would be without useful purpose and would undermine the limited scope of the Court's

APA review.  Accordingly, the Court declines to order the production of a privilege log detailing

the material excluded from the record as deliberative and likewise declines to order an *in camera*

review of those documents.

**CONCLUSION**

For the reasons set forth above, Plaintiff's Motion to Compel Completion of the

Administrative Record, ECF No. 10, is DENIED.

It is so ORDERED and DATED this ___19th___ day of August 2021.

/s/ Patricia Sullivan
_____
PATRICIA SULLIVAN
United States Magistrate Judge