TODD KIM
Assistant Attorney General
Environment & Natural Resources Division

SEAN C. DUFFY (NY Bar No. 4103131)
Trial Attorney
Natural Resources Section
150 M Street NE
Washington, DC 20002
Tel: (202) 305-0445 / Fax: (202) 305-0506
sean.c.duffy@usdoj.gov

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

| | |
|---|---|
| BLUE MOUNTAINS BIODIVERSITY PROJECT,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SHANE JEFFRIES, in his official capacity as Ochoco National Forest Supervisor; and UNITED STATES FOREST SERVICE,<br><br>　　　　　Defendants. | Case No. 2:20-cv-2158-MO<br><br>**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE'S DENIAL OF PLAINTIFF'S MOTION TO COMPEL COMPLETION OF THE ADMINISTRATIVE RECORD (ECF No. 52)** |

## TABLE OF CONTENTS

INTRODUCTION ........................................................................................................... 1

BACKGROUND .......................................................................................................... 1

LEGAL STANDARDS ................................................................................................ 4

STANDARD OF REVIEW .......................................................................................... 5

ARGUMENT ............................................................................................................... 6

       A.       The Magistrate Judge Rightly Concluded that the 2015 Decision Record Is Not Part of the 2020 Decision Record ................................................................ 7

       B.       The FOIA Documents Are Not Part of the Administrative Record ..................... 11

       C.       Plaintiff is Not Entitled to a Privilege Log ......................................................... 17

CONCLUSION ............................................................................................................ 20

# TABLE OF AUTHORITIES

## Cases

*Animal Def. Council v. Hodel,*
  840 F.2d 1432 (9th Cir. 1988) ................................................................................. 4

*Animal Def. Council v. Hodel*,
  867 F.2d 1244 (9th Cir. 1989) ................................................................................. 4

*ASSE Int'l v. Kerry*,
  No. 8:14-cv-00534-CJC(JPRx), 2018 WL 3326687 (C.D. Cal. Jan. 3, 2018) ........................ 19

*Blue Mountains v. Jeffries*,
  No. 2:20-cv-2158-SU, 2021 WL 3683879 (Aug. 21, 2021)............................................ passim

*California v. U.S. Dep't of Homeland Sec.*,
  Nos. 19-cv-04975-PJH, 19-cv-04980-PJH, 2020 WL 1557424 (N.D. Cal. Apr. 1, 2020)....... 18

*California v. U.S. Dep't of Labor*,
  No. 13-cv-2069-KJM-DAD, 2014 WL 1665290 (E.D. Cal. Apr. 24, 2014)........................... 19

*Carlsson v. U.S. Citizenship & Immigr. Servs.*,
  No. 2:12-cv-7893-CAS(AGRx), 2015 WL 1467174 n.5 (C.D. Cal. Mar. 23, 2015) .............. 19

*Citizens to Preserve Overton Park v. Volpe*,
  401 U.S. 405 (1971)................................................................................................. 5

*City of Fresno v. United States*,
  709 F. Supp. 2d 888 (E.D. Cal. 2010) ...................................................................... 18

*Colo. Env't Coal. v. Off. of Legacy Mgmt.*,
  No. 08-cv-1624-WJM-MJW, 2017 WL 897838 (D. Colo. Mar. 7, 2017) ............................ 16

*Cook Inletkeeper v. EPA*,
  400 F. App'x 239 (9th Cir. 2010) ........................................................................ 5, 15

*Ctr. for Biological Diversity v. Wolf*,
  447 F. Supp. 3d 965 (D. Ariz. 2020) ........................................................................ 19

*Ctr. for Biological Diversity v. Zinke*,
  2018 WL 8805325 (D. Alaska Nov. 16, 2018)........................................................ 18, 20

*Dep't of Nat. Res. & Env't Control v. U.S. Army Corps of Eng'rs*,
  722 F. Supp. 2d 535 (D. Del. 2010).......................................................................... 14

*Fed. Power Comm'n v. Transcon. Gas Pipe Line Corp.*,
  423 U.S. 326 (1976)................................................................................................. 9

*Fla. Power & Light Co. v. Lorion*,
  470 U.S. 729 (1985)................................................................................................. 4

*Goffney v. Becerra*,
    995 F.3d 737 (9th Cir. 2021) ............................................................ 5

*Golden Gate Salmon Ass'n v. Ross*,
    No. 1:17-cv-1172-LJO-EPG, 2018 WL 3129849 (E.D. Cal. June 22, 2018)...................... 9, 19

*In re Subpoena Duces Tecum*,
    156 F.3d 1279 (D.C. Cir. 1998) ...................................................... 13

*In re United States Dep't of Def. & U.S. EPA Final Rule*,
    No. 15-3751, 2016 WL 5845712 (6th Cir. Oct. 4, 2016) ...................................... 14

*In re United States*,
    875 F.3d 1200 (9th Cir. 2017) ........................................................ 5

*Kan. State Network, Inc. v. FCC*,
    720 F.2d 185 (D.C. Cir. 1983)........................................................ 13

*Morgan v. United States*,
    304 U.S. 1 (1938)..................................................................... 12

*Motor Vehicle Mfrs. Ass'n of U.S. v. State Farm Mut. Auto Ins. Co.*,
    463 U.S. 29 (1983)................................................................... 13

*Oceana, Inc. v. Pritzker*,
    No. 16-cv-6784-LHK (SVK), 2017 WL 2670733 (N.D. Cal. June 21, 2017) ................. passim

*Oceana, Inc. v. Ross*,
    920 F.3d 855 (D.C. Cir. 2019) ................................................. 12, 13, 19

*Outdoor Amusement Bus. Ass'n, Inc. v. Dep't of Homeland Sec.*,
    No. ELH-16-1015, 2017 WL 3189446 (D. Md. July 27, 2017) ............................ 15

*Pac. Shores Subdiv., Cal. Water Dist. v. U.S. Army Corps of Eng'rs*,
    448 F. Supp. 2d 1 (D.D.C. 2006)................................................... 5, 8

*Portland Audubon Soc'y v. Endangered Species Comm.*,
    984 F.2d 1534 (9th Cir. 1993) ....................................................... 5

*Quatama Park Townhomes Owners' Ass'n v. RBC Real Estate Finance, Inc.*,
    365 F. Supp. 3d 1129 (D. Or. 2019) .............................................. 5, 6

*S. Yuba River Citizens League v. Nat'l Marine Fisheries Serv.*,
    No. CIV S-06-2845 LKK JFM, 2008 WL 3932358 (E.D. Cal. Aug. 26, 2008)...................... 15

*Safari Club Int'l v. Jewell*,
    No. CV-16-94-TUC-JGW, 2016 WL 7785452 (D. Ariz. July 7, 2016).................... 9

*San Luis & Delta-Mendota Water Auth. v. Jewell*,
    No. 1:15-cv-1290-LJO-GSA, 2016 WL 3543203 (E.D. Cal. June 23, 2016) ........... 19

*San Luis Obispo Mothers for Peace v. Nuclear Regulatory Comm'n*,
    789 F.2d 26 (D.C. Cir. 1986)................................................... 12, 13

*Save the Colo. v. U.S. Dep't of Interior*,
    517 F. Supp. 3d 890 (D. Ariz. 2021) ........................................................................ 1

*Save the Colo.o v. U.S. Dep't of Interior*,
    517 F. Supp. 3d 890 (D. Ariz. 2021) ........................................................... 6, 12, 18

*SEC v. Chenery Corp.*,
    318 U.S. 80 (1943) ................................................................................................. 13

*Stand Up for Cal.! v. U.S. Dep't of Interior*,
    71 F. Supp. 3d 109 (D.D.C. 2014) ......................................................................... 15

*Thompson v. U.S. Dep't of Labor*,
    885 F.2d 551 (9th Cir. 1989) .............................................................................. 5, 9

*TOMAC v. Norton*,
    193 F. Supp. 2d 182 (D.D.C. 2002) ....................................................................... 14

*TOMAC, Taxpayers of Michigan Against Casinos v. Norton*,
    433 F.3d 852 (D.C. Cir. 2006) ............................................................................... 14

*United States v. Carpenter*,
    No. 3:99-cv-00547-RLH-RAM, 2011 WL 4763675 (D. Nev. Oct. 7, 2011) ........... 19

*United States v. Morgan*,
    313 U.S. 409 (1941) ............................................................................................... 13

*United-Healthcare Ins. Co. v. Azar*,
    316 F. Supp. 3d 339 (D.D.C. 2018) ....................................................................... 14

*Vt. Yankee Nuclear Power Corp. v. NRDC*,
    435 U.S. 519 (1978) ............................................................................................... 13

**Statutes**

28 U.S.C. § 636(b)(1)(A) ............................................................................................... 5

5 U.S.C. § 706 .............................................................................................................. 4

**Rules**

Fed. R. Civ. P. 72(a) ..................................................................................................... 5

## INTRODUCTION

An agency's properly designated administrative record consists of documents considered directly or indirectly by the agency's decision-makers.  It does not include deliberative materials outside the scope of the record.  The record is entitled to a presumption that it is complete absent clear evidence to the contrary.  Plaintiff, Blue Mountains Biodiversity Project ("BMBP") seeks to supplement the administrative record for the Forest Service project challenged in this case with the entire administrative record from an earlier project and with scores of documents released under FOIA requests.  The Forest Service carefully considered BMBP's requests and has included documents that are part of the administrative record.  It declined to include non-record documents that BMBP proffered.  The Magistrate Judge reviewed BMBP's challenge to the exclusion of the non-record documents and rejected it.  Because none of the documents BMBP now seeks to include are part of the administrative record and none were withheld on the basis of privilege, the Magistrate Judge's Order should be adopted by this Court.

## BACKGROUND

BMBP objects to the Magistrate Judge's opinion and order, (1) rejecting its request to include an entire administrative record from a 2015 project in the record for this 2020 Project, (2) rejecting BMBP's request that the Court compel the Forest Service to include 162 documents that Plaintiffs obtained in response to FOIA requests in the administrative record, and (3) rejecting BMBP's request that the Forest Service provide it with a privilege log.[1]  Pl.'s Objections to Mot. to Compel i-ii ("Pl.'s Objections").

---

[1] In its motion to compel, BMBP also argued that the Forest Service is not entitled to the presumption of regularity in its certification of the 2020 Project record.  The Magistrate Judge rejected that challenge.  *Blue Mountains*, 2021 WL 3683879, at *2-3.  *See also Save the Colo. v. U.S. Dep't of Interior*, 517 F. Supp. 3d 890, 900 (D. Ariz. 2021) (rejecting "semantical

BMBP challenges the Forest Service's December 2020 Decision Notice ("DN"), AR 08713-93, and environmental assessment ("EA"), AR 07566-810, approving the Walton Lake Restoration Project.  Am. Compl., ECF No. 12.

In February 2021, the Forest Service provided BMBP with a copy of the administrative record for the Project decision.  *See* Joint Proposed Case Mgmt. Sched. 3, ECF No. 9.  BMBP then provided a list of 179 documents it obtained in response to Freedom of Information Act ("FOIA") record requests and sought inclusion of the selected documents in the administrative record.  *See* Defs.' Opp'n to Pls.' Mot. to Compel Compl. of the Admin. Record 1 ("Defs.' Opp'n"), ECF No. 19.  BMBP also requested that the record include all documents from the administrative record for a 2015 project involving Walton Lake.  *Id.* at 2.  Finally, BMBP asked the Forest Service to produce a privilege log.  *Id.*

The Forest Service carefully reviewed each of 179 FOIA documents on BMBP's list and determined that several of the documents were already included in the administrative record, agreed to include several documents in the administrative record, and determined that the remaining 162 documents are not part of the record.  *See* Decl. of Thomas C. Buchele, Ex. F, ECF No. 11-6 (listing the 162 FOIA documents) & Exs. F-1 through F-9, ECF No. 11-7 through 11-15 (attaching the 162 FOIA documents).  Because the 2020 Project is distinct from the prior project, and the agency completed a new environmental analysis for the 2020 Project, the Forest Service determined that the full administrative record for the 2015 project is not properly part of the administrative record for the 2020 Project.  Lastly, with regard to the privilege log request, no documents were withheld from the administrative record based on an assertion of privilege

---

arguments about the certification [of the record] . . . to overcome the presumption of regularity.").  BMBP does not object to that portion of the Magistrate's order.

and thus the Forest Service concluded that there is no reason to require a privilege log.  With the inclusion of the additional documents noted above, the Forest Service lodged the administrative record for the 2020 Project with the Court in March 2020.  Notice of Lodging Admin. Record, ECF No. 13.  BMBP then moved to compel the Forest Service to supplement the administrative record with the 162 FOIA documents and the entire record from the 2015 project and to compel the production of a privilege log.  ECF No. 10.

The Magistrate Judge rejected BMBP's request to compel inclusion of the 162 FOIA documents and the 2015 record in the 2020 Project record.  The Magistrate Judge also rejected BMBP's request to require the Forest Service to produce a privilege log.  *Blue Mountains Biodiversity Project v. Jeffries*, No. 2:20-cv-2158-SU, 2021 WL 3683879, at *5-6 (Aug. 21, 2021).  With respect to the 2015 project record, the Magistrate Judge noted that the Forest Service undertook a new environmental analysis for the 2020 Project and included records from the 2015 project record when those records were considered by the agency in the 2020 Project decision.  *Id.* at *3.  The Magistrate Judge concluded that BMBP "failed to make a sufficient showing" that the materials from the 2015 project record were "before the agency in making the challenged decisions in the 2020 Project."  *Id.* (quotation marks omitted).  Regarding the 162 FOIA documents, the Magistrate Judge found BMBP's attempts to include these documents in the Project record to be deficient for two reasons.  *First*, BMBP failed to overcome the presumption of regularity, which requires it to "identify the allegedly omitted materials with sufficient specificity and identify reasonable, non-speculative grounds for the belief that the documents were considered by the agency and not included in the record.  *Id*. at *5 (quoting *Oceana, Inc. v. Pritzker*, No. 16-cv-6784-LHK (SVK), 2017 WL 2670733, at *2 (N.D. Cal. June 21, 2017)).  The Magistrate Judge reviewed the documents and concluded that BMBP provided

"little in the way of specific argument concerning why these documents were improperly excluded from the administrative record beyond cryptic annotations in a spreadsheet listing the documents." *Id. Second*, the Magistrate Judge concluded that the FOIA documents are not part of the record under the APA. Finally, with regard to BMBP's request to compel the production of a privilege log, the Magistrate Judge concluded that a log "would be without useful purpose and would undermine the limited scope of the Court's APA review." *Id.* The Magistrate Judge accordingly denied BMBP's request to order the production of a privilege log. *Id.*

BMBP objects to the Magistrate Judge's order ruling against it on each of these three points. Pl.'s Objections to Magistrate Judge's Order Denying Pl.'s Mot. to Compel Completion of the Admin. Record ("Pl.'s Objections"), ECF No. 52

## <u>LEGAL STANDARDS</u>

The APA limits the scope of judicial review of an agency action to the administrative record." 5 U.S.C. § 706 (in reviewing an agency action "the court shall review the whole record or those parts of it cited by a party."). Under the APA, "the focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court." *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 743-44 (1985) (internal citation and quotation omitted); *see also Animal Def. Council v. Hodel,* 840 F.2d 1432, 1436-37 (9th Cir. 1988) (same), *amended on other grounds,* 867 F.2d 1244 (9th Cir. 1989). The record "consists of all documents and materials directly or indirectly considered by agency decision-makers," whether those materials support or detract from the reasonableness of the decision at issue. *Thompson v. U.S. Dep't of Labor*, 885 F.2d 551, 555 (9th Cir. 1989) (citation omitted).

An agency's "record . . . is entitled to a presumption of completeness." *In re United States*, 875 F.3d 1200, 1206 (9th Cir. 2017), *vacated on other grounds,* 138 S. Ct. 443 (2017)

(per curiam); *Cook Inletkeeper v. EPA*, 400 F. App'x 239, 240 (9th Cir. 2010). This means that "an agency's statement of what is in the record is subject to a presumption of regularity" and courts "presume that an agency properly designated the Administrative Record absent clear evidence to the contrary." *Goffney v. Becerra*, 995 F.3d 737, 748 (9th Cir. 2021) (internal quotation marks and citation omitted). Agencies may exclude documents that reflect internal deliberations or that probe the "mental processes of administrative decision makers." *Citizens to Preserve Overton Park v. Volpe*, 401 U.S. 405, 420 (1971) (citation omitted). The presumption of completeness recognizes that "the agency that did the 'considering,' and . . . is in a position to indicate initially which of the materials were 'before' it—namely, were 'directly or indirectly considered.'" *Pac. Shores Subdiv., Cal. Water Dist. v. U.S. Army Corps of Eng'rs*, 448 F. Supp. 2d 1, 5 (D.D.C. 2006) (citations omitted); *Blue Mountains*, 2021 WL 3683879, at *1. Supplementation of the record is appropriate if "it appears the agency has relied on documents or materials not included in the record." *Portland Audubon Soc'y v. Endangered Species Comm.*, 984 F.2d 1534, 1548 (9th Cir. 1993).

## STANDARD OF REVIEW

When a party timely objects to a magistrate judge's determination of a non-dispositive matter, the district judge may reject that determination only when the magistrate judge's order is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); *see also Quatama Park Townhomes Owners' Ass'n v. RBC Real Estate Finance, Inc.*, 365 F. Supp. 3d 1129, 1132-33 (D. Or. 2019). This means the Court "evaluate[s] the Magistrate Judge's factual findings to determine if any are clearly erroneous" and "evaluate[s] the Magistrate Judge's legal conclusions to determine if any are contrary to law, which involves a *de novo* review of those issues." *Id*. at 1133.

## ARGUMENT

BMBP objects to the Magistrate Judge's exclusion of two broad categories of documents in the administrative record: the administrative record for the 2015 decision, and certain documents, which were released under FOIA requests.  BMBP also objects to the denial of its request for a privilege log.  The Magistrate Judge's decision on each of these three points is supported by the facts, correct as a matter of law, and should be adopted by this Court.

The Magistrate Judge's exclusion of the 2015 administrative record and the FOIA documents is correct because the documents BMBP seeks to include were not considered directly or indirectly by the Forest Service during the decision-making process for the 2020 Project.  Exclusion of these documents is also correct because BMBP failed offer "non-speculative grounds for its belief" that the each of the 162 documents it proffers "were considered by the decision-makers involved in the determination."  *Save the Colo.*, 517 F. Supp. 3d at 900; *see also Oceana, Inc. v. Pritzker*, Case No. 16-cv-6784-LHK (SVK), 2017 WL 2670733, at *2 (N.D. Cal. June 21, 2017) ("plaintiff must identify the allegedly omitted materials with sufficient specificity and identify reasonable, non-speculative grounds for the belief that the documents were considered by the agency and not included in the record.") (internal quotation marks and citation omitted).  The Magistrate Judge's decision not to include deliberative materials or to require a privilege log is correct because deliberative materials are not part of the "whole record."  To require a log for such materials would be an exercise in futility because Defendants did not assert privilege over the FOIA documents and those documents are *already in BMBP's possession*.  The Court should deny BMBP's objections and adopt the Magistrate Judge's decision denying Plaintiff's motion to supplement the administrative record.[2]

_____

[2] In its record motion, BMBP stated that its motion is one to *complete* the record.  Pl.'s Mot. to Compel Compl. of the Admin. Rec. 8 ("Pl.'s Mot."), ECF No. 10.  BMBP also indicated that its

A.     **The Magistrate Judge Rightly Concluded that the 2015 Decision Record Is Not Part of the 2020 Decision Record**

BMBP sought inclusion of the entire administrative record for the 2015 decision in the administrative record for the 2020 decision based on its characterization of the 2020 Project decision as "a continuation" of the withdrawn 2015 Project. *Blue Mountain*, 2021 WL 3683879, at \*3. The Magistrate Judge rejected this argument because the 2020 Project decision is based on a new environmental analysis that the Forest Service undertook after it withdrew the 2015 Project decision. *Id.* That new environmental analysis involved additional public input, was informed by updated specialist reports, and resulted in an environmental assessment that considered an array of alternatives. That analysis is memorialized in the Environmental Assessment (AR 7566-7810) and Decision Notice for the 2020 Project (AR 8713-8793), as well as numerous new specialist reports and other documents that are included in the administrative record. All of this material—which documents the public involvement, development of project alternatives, specialist reports, and the new analysis—is part of the record for the 2020 Project. *See e.g.* AR 5997-98, AR 6008-11, AR 6012-15, AR 6067-69, AR 6076-98, AR 6207-08, AR 6226-89, AR 6349-89, AR 6290-6317, AR 7444-60, AR 7461-74, AR 7475-86.

BMBP claims the Magistrate Judge declined to include the entire 2015 project record in the 2020 Project record based on Defendants' assertion that the 2020 Project is a new and separate project. Pl.'s Objections 5, 7-8. BMBP is incorrect. The Magistrate Judge rejected BMBP's request to include the entire 2015 project record in the 2020 Project record because the

_____

motion is one to *supplement* the record. The Magistrate treated BMBP's motion as one to *complete or supplement* the administrative record. *Blue Mountains*, 2021 WL 3683879, at \*2 (emphasis added). Throughout these proceedings, BMBP has failed to show that it is entitled to an order compelling the completion or supplementation of the administrative record under either standard.

Forest Service "undertook new analysis, sought and considered public input, issued an

environmental assessment, and documented its decision in a decision notice." *Blue Mountains*,

2021 WL 3683879, at *3 (quoting Defs.' Resp. to Pl.'s Mot. to Compel Completion of the

Admin. Record).  The administrative record supports and verifies these findings. [3]

     BMBP does not seriously contest that the 2020 Project is new and supported by a new

environmental analysis.  Instead, it cites a few stray statements in record documents and emails it

obtained in response to FOIA requests to support its argument that the 2020 Project is a

"continuous project" that has been "under constant development."  Pl.'s Objections 10.  But the

statements in the record for the 2020 Project and the FOIA documents that BMBP cites do not

support its conclusory claims, nor does the administrative record, which BMBP largely ignores.

For example, BMBP relies on a statement in the EA that the 2015 project was withdrawn to

allow for "additional analysis" and "additional public involvement."  *Id*. at 6 (citing AR 7570).

But this shows that the environmental analysis for the 2020 Project is *different* from the

environmental analysis for the 2015 project.  None of the documents BMBP relies upon supports

its claim that the two projects are "continuous," Pl.'s Objections 7-11, and the Magistrate Judge

rightly rejected BMBP's arguments.

     The Magistrate Judge also rejected BMBP's arguments for its failure to cite "any

authority. . . permitting the supplementation of the administrative record based solely on the

agency's consideration of evidence in connection with an earlier, related rulemaking."  *Blue*

Mountains, 2021 WL 3683879, at *3 (citing *Safari Club Int'l v. Jewell*, No. CV-16-94-TUC-

---

[3] BMBP claims that the only evidence supporting the conclusion that the 2020 Project involved a new, separate analysis are Defendants' assertions in briefing, and suggests that this is insufficient evidence to support the Magistrate Judge' conclusions.  Pl.'s Objections 8.  But the administrative record, which BMBP ignores, provides ample evidence to support the conclusion that in analyzing the 2020 Project, the Forest Service engaged in entirely new, separate analysis.

JGW, 2016 WL 7785452, at *4 (D. Ariz. July 7, 2016)); *see also Golden Gate Salmon Ass'n v. Ross*, No. 1:17-cv-1172-LJO-EPG, 2018 WL 3129849, at *9 (E.D. Cal. June 22, 2018) ("supplementation of an administrative record cannot be based solely on an agency's consideration of the requested documents in connection with an earlier, related decision."). The Magistrate Judge noted that "[c]ourts are cautioned against such indiscriminate expansion of the record, as it not only fails to give appropriate deference to the agency's designation of the record, but also threatens an improper *de novo* review of the agency action." *Id.* (quoting *Safari Club Int'l* at *4). A blanket expansion of the administrative record to include the entire record of a previous project, simply because the projects are located in the same place and spawned from a similar purpose and need, is incompatible with the APA's "considered" standard, *see Thompson*, 885 F.2d at 555-56, and is clearly impermissible. "[T]he focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court." *Fed. Power Comm'n v. Transcon. Gas Pipe Line Corp.*, 423 U.S. 326, 331 (1976) (per curiam) (citation omitted).

The Magistrate Judge's concern of indiscriminate expansion of the administrative record was warranted. Here, BMBP has not identified a discrete set of documents from the previous decision that it believes the Forest Service considered when it issued the 2020 Project decision. Rather, it seeks to include the entire record from the different decision. The Forest Service considered whether documents from the administrative record for the 2015 decision should be included in the administrative record for the 2020 decision, and it included those 2015 administrative record documents when they were considered for the 2020 Project decision.[4] But

---

[4] The record for the 2020 Project decision includes, among others, the following documents and materials from the 2015 project record: AR 3776-813 (laminated root rot literature); AR 3982-4006 (more root disease literature); AR 4503-07 (water quality best management practices program); AR 4508-629 (literature on root rot); AR 4630-751 (field guide for hazard tree

the agency is not obligated to include documents from the 2015 record wholesale that it did not

consider in making the 2020 decision.  In its record motion, BMBP did identify a few individual

documents from the 2015 record, but those documents are plainly not part of the 2020 record.

For example, BMBP sought inclusion of a "1994 EA and Decision regarding the Eastside

Screens Amendments."  Pl.'s Mot. to Compel Compl. of the Admin. Rec. 12 ("Pl.'s Mot."), ECF

No. 10.  But these documents are outdated and were not considered by the agency in the 2020

decision because they were replaced by direction from a 1995 Revised EA and Decision

regarding the Eastside Screens Amendments, which is in the record, *see* AR 3814-953, AR 3954-

963, AR 3964-974, and there is no reason to include outdated documents the agency did not

consider.  BMBP also sought inclusion of outdated (2011) Management Indicator Species

("MIS") Reports.  Pl.'s Mot. 12.  These reports were not considered when the Forest Service

prepared its Resource Report and Biological Evaluation for Wildlife ("Wildlife Report") for the

2020 Project, AR 7351-415.[5]  BMBP also claimed that specialist reports that analyze impacts to

soils and visual quality from the 2015 decision should be included in the record for the 2020

decision.  Pl.'s Mot. 12.  Again, however, in evaluating the 2020 Project, the Forest Service

developed updated analyses for soils and visual quality rather than using the versions it relied on

in 2015.  These updated analyses are contained in the final EA, AR 7694-701 (soils analysis),

AR 7632-42 (scenic quality report) and in a new specialist report, AR 7475-86 (soils report).

There is no reason why the Forest Service should include outdated analyses from a prior project

---

identification and mitigation in developed sites); AR 4886-89 (email from forest pathologist on
science behind the current condition and level of public risk); AR 4964-93 (Plaintiff's original
scoping response); AR 4999 (invitation to project area field trip).

[5] BMBP claimed that the Wildlife Report "only briefly mentions" MIS species.  Pl.'s Mot. 12.
This is plainly incorrect.  MIS are addressed in the Wildlife Report in an effects summary table
at AR 7353, are briefly described at AR 7356-57, and are analyzed thoroughly at AR 7378-94.

record when it considered updated analyses to assess the environmental impacts of the 2020 Project.

The Magistrate Judge correctly found that BMBP failed to show that the Forest Service reconsidered materials from the 2015 project record once again for the new decision.  *Blue Mountains*, 2021 WL 3683879, at \*3.  The Magistrate Judge's conclusion is factually sound, legally correct, and the Court should adopt the Magistrate Judge's conclusion that the record for the 2015 project is not part of the 2020 Project record.

### B.    The FOIA Documents Are Not Part of the Administrative Record

In its record motion, BMBP also sought the inclusion of 162 documents it obtained in response to FOIA requests.  Pl.'s Mot. 14.  The Magistrate Judge rejected this request and found that BMBP's attempt to include these documents in the record was deficient for two reasons.

*First*, the Magistrate Judge found that BMBP failed to overcome the presumption of regularity, which requires it to "'identify the allegedly omitted materials with sufficient specificity and identify reasonable, non-speculative grounds for the belief that the documents were considered by the agency and not included in the record.'"  *Blue Mountains*, 2021 WL 3683879, at \*5 (quoting *Oceana, Inc. v. Pritzker*, No. 16-cv-6784-LHK (SVK), 2017 WL 2670733, at \*2 (N.D. Cal. June 21, 2017)).  The Magistrate Judge reviewed the documents and concluded that BMBP provided "little in the way of specific argument concerning why these documents were improperly excluded from the administrative record beyond cryptic annotations in a spreadsheet listing the documents."  *See id*.

*Second*, the Magistrate Judge concluded that the FOIA documents, most of which consist of internal deliberative materials, are not properly part of the administrative record under the APA.  In reaching this conclusion, the Magistrate Judge acknowledged that the Ninth Circuit

"has not squarely resolved whether deliberative documents must be part of the administrative record." *Id.* at *4 (quoting *Save the Colo.*, 517 F. Supp. 3d at 896). And it noted that "[d]istrict courts within the Ninth Circuit are split on whether the Government may withhold deliberative documents from the administrative record." *Id*. In the absence of binding precedent, the Magistrate Judge looked, as other courts have, to case law from courts within the D.C. Circuit, where many APA cases are decided and where courts have "consistently held that, absent a showing of bad faith or improper behavior, 'deliberative documents are not part of the administrative record.'" *Id.* at *4 (quoting *Save the Colo.*, 517 F. Supp. 3d at 897); *see Oceana, Inc. v. Ross*, 920 F.3d 855, 865 (D.C. Cir. 2019); *San Luis Obispo Mothers for Peace v. Nuclear Regulatory Comm'n*, 789 F.2d 26, 44-45 (D.C. Cir. 1986); *see also In re United States Dep't of Def. & U.S. EPA Final Rule*, No. 15-3751, 2016, WL 5845712, at *2 (6th Cir. Oct. 4, 2016). The Magistrate Judge concurred with the reasoning of the court in *Save the Colorado* that the Court's task in an APA case is "to assess the lawfulness of the agency's action *based on the reasons offered by the agency*, not to probe the mental processes of agency decision-makers." *Blue Mountains*, 2021 WL 3683879, at *4 (quoting *Save the Colo.*, 517 F.3d at 897) (emphasis added); *see also Morgan v. United States*, 304 U.S. 1, 18 (1938). The Magistrate Judge thus rejected BMBP's request to supplement the record with the 162 FOIA documents, or other records BMBP failed to identify. *Blue Mountains*, 2021 WL 3683879, at *3-4.

This conclusion is supported by a long line of Supreme Court case law limiting the scope of judicial review to the basis articulated by the agency. "[A]n agency's action must be upheld, if at all, on the basis articulated by the agency itself." *Motor Vehicle Mfrs. Ass'n of U.S. v. State Farm Mut. Auto Ins. Co.*, 463 U.S. 29, 50 (1983) (citations omitted); *SEC v. Chenery Corp.*, 318 U.S. 80, 88 (1943) (judicial review is confined to "a judgment upon the validity of the grounds

upon which the Commission itself based its action").  The Supreme Court has "made it abundantly clear" that APA review focuses on the "contemporaneous explanation of the agency decision," and not the deliberative process that preceded the decision.  *Vt. Yankee Nuclear Power Corp. v. NRDC*, 435 U.S. 519, 549 (1978).  "Just as a judge cannot be subjected to such a scrutiny . . . so the integrity of the administrative process must be equally respected."  *United States v. Morgan*, 313 U.S. 409, 422 (1941) (citations omitted).

Consistent with these Supreme Court holdings, the D.C. Circuit has concluded that deliberative materials are outside the scope of APA review and are not part of the administrative record.  *See San Luis Obispo Mothers for Peace*, 789 F.2d at 44 (finding that absent "a strong showing of bad faith or improper behavior," the mere existence of transcripts could not justify supplementation); *In re Subpoena Duces Tecum*, 156 F.3d 1279, 1279-80 (D.C. Cir. 1998) ("[T]he actual subjective motivation of agency decisionmakers is immaterial as a matter of law . . . ." (citation omitted)); *Kan. State Network, Inc. v. FCC*, 720 F.2d 185, 191 (D.C. Cir. 1983) (striking transcripts of agency deliberations from record because "[w]here an agency has issued a formal opinion or a written statement of its reasons for acting, transcripts of agency deliberations . . . should not routinely be used to impeach that written opinion").  The Sixth Circuit has reached the same conclusion.  *See, e.g.*, *In re United States Dep't of Def. & U.S. EPA Final Rule*, No. 15-3751, 2016 WL 5845712, at *2 (6th Cir. Oct. 4, 2016) ("Deliberative process materials are generally exempted from inclusion in the record in order to protect the quality of agency decisions by ensuring open and candid communications.").

The Magistrate Judge's rejection of BMBP's request to supplement the record with the FOIA documents is sound both as a matter of law and fact and should be adopted for the reasons the Magistrate Judge provided.  The Magistrate Judge reviewed the list of FOIA documents that

BMBP provided and concluded, as the Forest Service previously concluded, that BMBP

provided "little in the way of specific argument concerning why these documents were

improperly excluded from the administrative record beyond cryptic annotations in a spreadsheet

listing the documents." *Id.* at *5.  Because a "FOIA production request is an entirely discrete

legal concept that bears no relation to the administrative record compiled for a court's review

under the APA," *Del. Dep't of Nat. Res. & Env't Control v. U.S. Army Corps of Eng'rs*, 722 F.

Supp. 2d 535, 544 (D. Del. 2010), "the mere fact that a document has been released under FOIA

does not require its inclusion in an administrative record."  *United-Healthcare Ins. Co. v. Azar*,

316 F. Supp. 3d 339, 348-49 (D.D.C. 2018).  A response to a FOIA request may require the

government to turn over "every scrap of paper that could or might have been created," but an

administrative record does not require inclusion of every scrap of paper.  *TOMAC v. Norton*, 193

F. Supp. 2d 182, 195 (D.D.C. 2002) *aff'd sub nom. TOMAC, Taxpayers of Michigan Against*

*Casinos v. Norton*, 433 F.3d 852 (D.C. Cir. 2006).  For that reason:

> An agency's possession of certain records, as confirmed by their disclosure in
> response to a FOIA request, is not sufficient to show that the same records were
> considered by the agency in connection with a decision subject to an APA challenge
> and, consequently, mere possession triggers no requirement to include such records
> in the administrative record.

*Stand Up for Cal.! v. U.S. Dep't of Interior*, 71 F. Supp. 3d 109, 117 (D.D.C. 2014) (citation

omitted); *see also S. Yuba River Citizens League v. Nat'l Marine Fisheries Serv.*, No. CIV S-06-

2845 LKK JFM, 2008 WL 3932358, at *4-5 (E.D. Cal. Aug. 26, 2008) (distinguishing between

production under FOIA and compilation of an administrative record).  Thus, the Forest Service

may release deliberative documents in response to a FOIA request.  But agency transparency

under FOIA does not alter the standard for compilation of an administrative record under the

APA.

BMBP disagrees with the Magistrate Judge's factual conclusion and claims it has met its burden to identify the FOIA materials it seeks to include with sufficient specificity and the non-speculative grounds for their inclusion.  Pl.'s Objections 15.  BMBP's own filings, which fail to identify grounds for inclusion of its proffered documents, belie its assertions.  *See* Decl. of Thomas C. Buchele, Ex. F (listing the 162 FOIA documents), ECF No. 11-6.  It is BMBP's burden to identify each document for inclusion in the record with "sufficient specificity" and to provide clear evidence that the agency considered each document.  *Oceana, Inc.*, 2017 WL 2670733, at *2; *Cook Inletkeeper*, 400 F. App'x at 240 ("We assume that an 'agency properly designated the Administrative Record absent clear evidence to the contrary.'" (citation omitted)).  BMBP cannot, as it has done here, simply identify scores of documents that it cherry-picked from its FOIA responses, and ask the Court to include its selected documents wholesale in an administrative record.  *See Outdoor Amusement Bus. Ass'n, Inc. v. Dep't of Homeland Sec.*, No. ELH-16-1015, 2017 WL 3189446, at *12 (D. Md. July 27, 2017) (rejecting attempt to supplement administrative record with documents produced in response to FOIA request that plaintiffs "dump at the Court's doorstep" but "do not actually articulate with any concrete specificity why these documents . . . are relevant . . . or any other basis to conclude these documents were in fact directly or indirectly before the decisionmaker." (citation omitted)); *see also Colo. Env't Coal. v. Off. of Legacy Mgmt.*, No. 08-cv-1624-WJM-MJW, 2017 WL 897838, at *4 (D. Colo. Mar. 7, 2017) (rejecting a "data dump" approach to supplementation of an administrative record).  The failure to satisfy its burden and the absence of any specific articulation of grounds for including specific documents in the administrative record was reason enough to reject BMBP's request to include the FOIA documents in the record.

BMBP claims the Magistrate Judge "skip[ped] over" the "critical steps of assessing whether" the Forest Service invoked the deliberative process privilege when it determined that the FOIA documents are not part of the administrative record.  Pl.'s Objections 16.  BMBP is incorrect.  The Magistrate Judge understood that the FOIA materials are "'internal and deliberative' and not appropriate for inclusion in the administrative record." *Blue Mountain*, 2021 WL 3683879, at *3.  It noted that the Forest Service had not "invoked privilege" but instead maintained that "deliberative materials are not part of the 'whole record' under the APA and, as a result, are not properly included in the administrative record." *Id*.  This is true "without reference to privilege." *Id*.  In doing so, the Magistrate Judge grasped the critical distinction between the common law deliberative process privilege and the statutory requirements governing the scope of the administrative record under the APA.  Forest Service made this distinction while briefing BMBP's record motion.  In a nutshell, deliberative materials are not part of the administrative record under the APA regardless of whether the agency has invoked the deliberative process privilege.  Indeed, the decision not to invoke privilege is how BMBP possesses the FOIA documents it seeks to include in the administrative record.  The Magistrate Judge denied BMBP's request to include the FOIA documents in the record not because the Forest Service asserted deliberative process privilege but instead because the documents were not part of the whole record considered by the agency when it issued the challenged decision.  The Magistrate Judge understood this; BMBP purports to not understand this.  And its objections to the scope of the deliberative process privilege are wholly irrelevant to the Magistrate Judge's decision here where the privilege was never invoked.  Pl.'s Objections 12-18.

The Magistrate Judge's decision to exclude BMBP's FOIA documents from the administrative record has a sound basis in fact and law and it should be adopted by this Court.

**C.      Privilege was Never Invoked and Plaintiff is Not Entitled to a Privilege Log**

The Magistrate Judge rejected BMBP's request to compel the Forest Service to produce a privilege log for two reasons.  *First*, it found that a privilege log would undermine the scope of APA judicial review.  *Second*, it found that a log would be without useful purpose.  The Magistrate Judge's was right on both counts and its order should be adopted by the Court.

With respect to the APA scope of judicial review, the Magistrate Judge noted that '[t]here is a division of opinion among district courts within the Ninth Circuit about whether an agency should be" required to produce a privilege log.  *Id.* at *5.  The Magistrate Judge agreed with the district courts that concluded deliberative materials are not properly part of the administrative record and a privilege log "would be without useful purpose and would undermine the limited scope of the Court's APA review."  *Id.*  The Magistrate Judge accordingly declined BMBP's request to order the production of a privilege log.  *Blue Mountains*, 2021 WL 3683879, at *5; *see also Oceana, Inc.*, 920 F.3d at 865 ("predecisional and deliberative documents are not part of the administrative record to begin with, so they do not need to be logged as withheld from the administrative record.") (internal quotation marks and citation omitted)).

BMBP claims Ninth Circuit and district court case law is to the contrary, *i.e.* that those courts require the creation of a privilege log.  Pl.'s Objections 11-14.  BMBP is incorrect in its claims about Ninth Circuit requirements.  "The Ninth Circuit has not directly addressed whether the federal government must produce a privilege log or whether the government may exclude deliberative documents from the administrative record altogether in an APA case."  *California v. U.S. Dep't of Homeland Sec.*, Nos. 19-cv-04975-PJH, 19-cv-04980-PJH, 2020 WL 1557424, at *9 (N.D. Cal. Apr. 1, 2020).  And while non-precedential district court cases have, at times, ordered federal agencies to include deliberative documents in administrative records—that is a position that no Circuit court has endorsed—and one the Magistrate Judge rejected.  *See City of*

*Fresno v. United States*, 709 F. Supp. 2d 888, 909 (E.D. Cal. 2010) ("District court opinions are relevant for their persuasive authority but they do not bind other district courts within the same district.") (citation omitted).  The Magistrate Judge found case law that BMBP does not rely upon to be more persuasive than the case law BMBP does rely upon.  The decisions that the Magistrate Judge relied upon concluded that deliberative materials are outside the scope of the administrative record and therefore the agency is not required to create a privilege log.  *See, e.g.*, *Save the Colo.*, 517 F. Supp. 3d at 897 ("The Court's task is to assess the lawfulness of the agency's action based on the reasons offered by the agency . . . not to 'probe the mental processes' of agency decision-makers." (citations omitted)); *Ctr. for Biological Diversity v. Zinke*, 3:18-cv-00064-SLG, 2018 WL 8805325, at *4 (D. Alaska Nov. 16, 2018) ("The Court finds persuasive the D.C. Circuit's reasoning that 'the actual subjective motivation of agency decisionmakers is immaterial as a matter of law—unless there is a showing of bad faith or improper behavior.'" (internal citation omitted)).[6]

---

[6] *See also Ctr. for Biological Diversity v. Wolf*, 447 F. Supp. 3d 965, 976 (D. Ariz. 2020) ("To the extent any requested documents in the possession of Defendants are predecisional and deliberative, they need not be disclosed or unredacted."); *Golden Gate Salmon Ass'n*, 2018 WL 3129849, at *5 (noting that courts have "declin[ed] to require deliberative materials be included in an administrative record as a matter of course because doing so contravenes 'the standard presumption that the agency properly designated the Administrative Record'" (citation and emphasis omitted)); *ASSE Int'l v. Kerry*, 8:14-cv-00534-CJC(JPRx), 2018 WL 3326687, at *2 (C.D. Cal. Jan. 3, 2018) ("Because APA review is limited to the agency's stated reasons and the agency's deliberations are immaterial, . . . the agency may 'exclude materials that reflect internal deliberations' when designating the administrative record." (citations omitted)); *Carlsson v. U.S. Citizenship & Immigr. Servs.*, No. 2:12-cv-7893-CAS(AGRx), 2015 WL 1467174, at *7 n.5 (C.D. Cal. Mar. 23, 2015) ("deliberations or communications between agency staff" are "not properly part of an administrative record"); *United States v. Carpenter*, No. 3:99-cv-00547-RLH-RAM, 2011 WL 4763675, at *3 (D. Nev. Oct. 7, 2011) (denying the plaintiff's request to include documents and materials relating to the "internal deliberative process of the agency or the mental processes of individual agency members" in the administrative record (internal quotation marks and citation omitted)).

BMBP's argument that the Forest Service needs to provide a privilege log fails because deliberative documents are not properly part of an agency's administrative record in the first instance. Because deliberative materials are outside the scope of the administrative record, they are not excluded from the administrative record on privilege grounds and need not be logged. *See Oceana Inc.*, 920 F.3d at 865 ("predecisional and deliberative documents are not part of the administrative record to begin with, so they do not need to be logged as withheld from the administrative record." (internal quotation marks and citations omitted)); *California v. U.S. Dep't of Labor*, No. 13-cv-2069-KJM-DAD, 2014 WL 1665290, at *13 (E.D. Cal. Apr. 24, 2014) ("[B]ecause internal agency deliberations are properly excluded from the administrative record, the agency need not provide a privilege log." (citation omitted)); *San Luis & Delta-Mendota Water Auth. v. Jewell*, No. 1:15-cv-1290-LJO-GSA, 2016 WL 3543203, at *19 (E.D. Cal. June 23, 2016) (holding deliberative documents are not part of an administrative record, and requiring a privilege log would contravene the presumption of regularity and APA record-review standards); *Ctr. for Biological Diversity v. Zinke*, 2018 WL 8805325, at *4, *8 (holding defendants need not submit a privilege log for "strictly internal documents, including [the agency's] records of entirely internal meetings").

For these reasons, the Magistrate Judge was correct in concluding that a privilege log "would be without useful purpose." *Blue Mountains*, 2021 WL 3683879, at *5. The agency never invoked the deliberative process privilege as a basis for withholding any documents that BMBP requested in its FOIA requests. And BMBP is in possession of all of the FOIA documents it seeks to include in the administrative record. To create a privilege log would be an exercise in futility. To establish that the FOIA documents belong in the administrative record is BMBP's burden, and the Magistrate Judge found that it failed to meet that burden.

**<u>CONCLUSION</u>**

BMBP failed to show that the broad categories of documents it seeks to include in the administrative record were directly or indirectly considered by the agency during its decision-making process. Nor has it shown that any of the deliberative materials within those categories of documents belong in the record. For these reasons, the Magistrate Judge denied BMBP's motion and declined to require the Forest Service to generate a privilege log. In its objections, BMBP fails to show that the Magistrate Judge's order was clearly erroneous or contrary to law. The Court should reject the objections and adopt the Magistrate Judge's opinion and order.

Dated: September 16, 2021

TODD KIM
Assistant Attorney General
Environment and Natural Resources Division

*/s/ Sean C. Duffy*
SEAN C. DUFFY
Trial Attorney
Natural Resources Section
150 M Street NE
Washington, DC 20002
Tel: (202) 305-0445 / Fax: (202) 305-0506
sean.c.duffy@usdoj.gov

*Attorneys for Defendants*