Tom Buchele, OSB No. 081560
Earthrise Law Center
10101 S. Terwilliger Blvd.
Portland, OR 97219-7799
Telephone: 503-768-6736
Fax: 503-768-6642
E-mail: tbuchele@lclark.edu

Jesse A. Buss, OSB No. 122919
Willamette Law Group
411 Fifth Street
Oregon City, OR 97045-2224
Telephone: 503-656-4884
Fax: 503-608-4100
E-mail: jesse@WLGpnw.com

Attorneys for Plaintiff Blue Mountains Biodiversity Project

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PENDLETON DIVISION

| | |
|---|---|
| **BLUE MOUNTAINS BIODIVERSITY PROJECT**, an Oregon non-profit corporation;<br><br>                Plaintiff,<br><br>   v.<br><br>**SHANE JEFFRIES**, in his official capacity as Ochoco National Forest Supervisor; and<br>**UNITED STATES FOREST SERVICE**, an agency of the United States Department of Agriculture,<br><br>                Defendants. | Case No. 2:20-cv-2158-MO<br><br>**PLAINTIFF'S STATEMENT OF SUPPLEMENTAL AUTHORITY** |

## Introduction

As discussed at oral argument on July 25, 2022 and as reflected in the minutes thereof, Plaintiffs offer this statement of supplemental authority regarding Claim 1, Count 4 ("*Forest Service's Continuing Contract with T2 Violates NEPA*").

## Statement of Supplemental Authority

During oral argument counsel for Plaintiff stated that the regulations at 40 C.F.R. sections 1502.2(f) and 1506.1(a)(2) (2019) do not depend upon or otherwise derive their statutory authority from 42 U.S.C. section 4332(C)(v), the provision of the NEPA statute that contains the "irreversible and irretrievable commitment[] of resources" standard applied in *Metcalf v. Daley*, 214 F.3d 1135 (9th Cir. 2000) and *Conner v. Burford*, 848 F.2d 1441 (9th Cir. 1988). This supplemental memorandum expands upon that statement.

The regulations at 40 C.F.R. sections 1502.2(f) and 1506.1(a)(2) were promulgated by the Council on Environmental Quality (CEQ), itself a creature of NEPA. 42 U.S.C. 4342 *et seq*. Those regulations, respectively, mandate that an agency "shall not commit resources prejudicing selection of alternatives before making a final decision," and prohibit an agency from taking any pre-NEPA action that may "limit the choice of reasonable alternatives." 40 C.F.R. § 1502.2(f) (2019); 40 C.F.R. § 1506.1(a)(2) (2019). At oral argument the Forest Service appeared to take the position that these standards cannot apply because any standard that is lower than the "irreversible and irretrievable commitment of resources" standard under 42 U.S.C. section 4332(C)(v) conflicts with that statute. As explained below, there is no conflict between the regulations and the statutory provision and, in any event, the regulations and the statute address different and distinct requirements of NEPA.

Unlike the regulations, the text of 42 U.S.C. section 4332(C)(v) says nothing about what actions an agency may or may not take before finishing the NEPA process. Rather, that section of the NEPA statute explains what information must be contained in an environmental impact statement (EIS). That required information includes analyses of:

(i) the environmental impact of the proposed action,
(ii) any adverse environmental effects which cannot be avoided should the proposal be implemented,
(iii) alternatives to the proposed action,
(iv) the relationship between local short-term uses of man's environment and the maintenance and enhancement of long-term productivity, and
(v) *any irreversible and irretrievable commitments of resources which would be involved in the proposed action should it be implemented.*

42 U.S.C. § 4332(C) (emphasis added). Although that statutory provision contains no express prohibition on what actions an agency may or may not take before issuing an EIS, in *Connor* the Ninth Circuit nonetheless stated that "Our circuit has held that an EIS must be prepared before any irreversible and irretrievable commitment of resources," 848 F.2d at 1446, explaining that "[t]he 'irreversible and irretrievable commitment of resources' criterion is derived from 42 U.S.C. Sec. 4332(C)(v) which requires an EIS to include a statement of 'any irreversible and irretrievable commitments of resources which would be involved in the proposed action should it be implemented.' Obviously this requirement only makes sense if the EIS is prepared prior to the commitment of resources." *Id* at fn 13. Notably, *Conner* did not involve even the discussion, let alone the application, of 40 C.F.R. sections 1502.2(f) or 1506.1(a)(2).

As in *Conner*, in *Metcalf* the Ninth Circuit did not even mention the two regulations invoked by Plaintiffs in the present case. Rather, the *Metcalf* court simply cites to *Conner* and uncritically repeats the "irreversible and irretrievable commitment of resources" standard under 42 U.S.C. section 4332(C)(v). 214 F.3d at 1143.

Why did neither *Conner* nor *Metcalf* address the standards under 40 C.F.R. sections 1502.2(f) or 1506.1(a)(2)? Plaintiffs do not know, but two reasons appear likely. First, those regulations were probably not raised by the parties in those cases. And second, as explained below, the cases relied upon by the court in *Conner* (and later, by extension, in *Metcalf*) all involved law that pre-dated the issuance of the CEQ's NEPA regulations in late 1978.

Adopted in 1969, NEPA had no implementing regulations until 1978. The Supreme Court described those regulations as follows in *Andrus v. Sierra Club*, 442 U.S. 347 (1979):

> "In 1977, however, President Carter, in order to create a single set of uniform, mandatory regulations, ordered CEQ, 'after consultation with affected agencies,' to '[i]ssue regulations to Federal agencies for the implementation of the procedural provisions' of NEPA. Exec. Order No. 11991, 3 CFR 124 (1978). The President ordered the heads of federal agencies to 'comply with the regulations issued by the Council . . . .' *Ibid.* […] **CEQ's interpretation of NEPA is entitled to substantial deference.** The Council was created by NEPA, and charged in that statute with the responsibility 'to review and appraise the various programs and activities of the Federal Government in the light of the policy set forth in . . . this Act . . ., and to make recommendations to the President with respect thereto.' 83 Stat. 855, 42 U.S.C. § 4344(3)."

*Id.* at 357 (internal citations omitted) (bolding added). The regulations adopted in 1978 include 40 C.F.R. sections 1502.2(f) and 1506.1(a)(2).[1]

While the NEPA regulations were adopted in late 1978, the two cases cited by the *Conner* court in its discussion of the "irreversible and irretrievable commitment of resources" language under 42 U.S.C. section 4332(C)(v) involved the law *pre*dating the adoption of the NEPA regulations. *Conner*, 848 F.2d at 1446 (citing *EDF v. Andrus,* 596 F.2d 848 (9th Cir. 1979) and *Sierra Club v. Peterson*, 717 F.2d 1409 (D.C. Cir. 1983)). In *EDF* the law of 1976 applied, *see* 596 F.2d at 849, and in *Sierra Club* the court compiled and exclusively relied upon cases that

---

[1] At oral argument, counsel for Plaintiff, Mr. Buss, indicated to the Court his belief that these two regulations were not part of the original 1978 CEQ regulations. Although that mistake is immaterial to resolution of this case, counsel regrets the error.

themselves applied only the law as it existed before the adoption of the 1978 NEPA regulations. 717 F.2d at 1414.

Whatever the reason, the fact remains that neither *Conner* nor *Metcalf* so much as mentioned 40 C.F.R. sections 1502.2(f) or 1506.1(a)(2). In any event, the statute relied upon in those cases, 42 U.S.C. section 4332(C)(v), does not address the same issue as these two regulations. As previously mentioned, the statutory provision governs only what information must be contained in a written EIS. The regulations, on the other hand, expressly mandate that an agency "*shall not* commit resources prejudicing selection of alternatives before making a final decision," and prohibit an agency from taking any pre-NEPA action that may "limit the choice of reasonable alternatives." 40 C.F.R. § 1502.2(f) (2019) (emphasis added); 40 C.F.R. § 1506.1(a)(2) (2019). There is therefore no conflict between the regulations and the statute. Indeed, the regulations draw their authority not from 42 U.S.C. section 4332(C)(v), but from the broad grant of authority given by NEPA to the CEQ, and from other related provisions of the NEPA statute. *See, e.g.,* 42 U.S.C. 4332 ("The Congress authorizes and directs that, to the fullest extent possible[,] the policies, regulations, and public laws of the United States shall be interpreted and administered in accordance with the policies set forth in this chapter[.]"); *id.* at (I) ("all agencies of the Federal Government shall assist the Council on Environmental Quality established by subchapter II of this chapter."); *Id.* section 4344 (duties and functions of CEQ); E.O. 11991 of May 24, 1977 (directing the preparation of binding CEQ regulations, including regulations requiring "the early preparation of environmental impact statements").

Ultimately, the Supreme Court has declared that the "CEQ's interpretation of NEPA is entitled to substantial deference." *Andrus v. Sierra Club*, 442 U.S. at 358. The CEQ's

interpretation of NEPA is found in its regulations, including 40 C.F.R. sections 1502.2(f) and 1506.1(a)(2). The Court should therefore defer to those regulations and the standards they define.

Dated: August 1, 2022.

                                              Respectfully submitted,

                                              *s/ Jesse A. Buss*
                                              Jesse A. Buss, OSB # 122919
                                              411 Fifth Street
                                              Oregon City OR 97045-2224
                                              Tel: 503-656-4884
                                              Fax: 503-608-4100
                                              Email: jesse@WLGpnw.com

                                              *s/ Tom Buchele*
                                              Tom Buchele, OSB No. 081560
                                              Earthrise Law Center
                                              Lewis & Clark Law School
                                              10101 S. Terwilliger Blvd.
                                              Portland OR 97219-7799
                                              Telephone: 503-768-6736
                                              Fax: 503-768-6642
                                              E-mail: tbuchele@lclark.edu

                                              Attorneys for Plaintiff Blue Mountains Biodiversity Project