Tom Buchele, OSB No. 081560
Earthrise Law Center
10101 S. Terwilliger Blvd.
Portland, OR 97219-7799
Tel: 503-768-6736
Fax: 503-768-6642
E-mail: tbuchele@lclark.edu

Jesse A. Buss, OSB No. 122919
Willamette Law Group
411 Fifth Street
Oregon City, OR 97045-2224
Tel: 503-656-4884
Fax: 503-608-4100
E-mail: jesse@WLGpnw.com

Attorneys for Plaintiff Blue Mountains Biodiversity Project

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PENDLETON DIVISION

| | |
|---|---|
| **BLUE MOUNTAINS BIODIVERSITY PROJECT**, an Oregon non-profit corporation;<br><br>Plaintiff,<br><br>v.<br><br>**SHANE JEFFRIES**, in his official capacity as Ochoco National Forest Supervisor; and<br>**UNITED STATES FOREST SERVICE**, an agency of the United States Department of Agriculture,<br><br>Defendants. | Case No. 2:20-cv-2158-MO<br><br>**PLAINTIFF'S CONDITIONAL MOTION FOR STAY OF ORDER DISSOLVING PRELIMINARY INJUNCTION**<br><br>**Expedited Consideration Requested**<br><br>**Oral Argument Requested** |

## MOTION FOR STAY OF ORDER DISSOLVING INJUNCTION

Plaintiff Blue Mountains Biodiversity Project ("BMBP") respectfully conditionally moves the Court to stay the effectiveness of any order dissolving the preliminary injunction (ECF 60). The stay would be effective for one of two periods: either during the pendency of any appeal from the order dissolving the preliminary injunction, or for a time certain, such as 60 days, in order to give BMBP time to seek and obtain an injunction pending appeal from the Ninth Circuit Court of Appeals. This motion is conditional in that it applies only if the Court decides to enter an order dissolving the preliminary injunction *and* has not granted BMBP's concurrently-filed Motion for Remand with Partial Vacatur. If those conditions are met, BMBP intends to file a notice of appeal immediately. BMBP will also likely re-file this motion immediately upon filing its notice of appeal, removing this motion's conditional nature.[1]

This motion is made in the alternative to BMBP's concurrently-filed Conditional Motion for Injunction Pending Appeal.

Specifically, BMBP requests the Court stay any order lifting the preliminary injunction granted by this Court, ECF 60, which enjoined the United States Forest Service and Ochoco National Forest Supervisor Shane Jeffries ("Defendants" or "the Service") from allowing or implementing any of the commercial sanitation logging authorized in units 2, 3, and 4, or commercial thinning authorized in units 1–5 by the December 7, 2020, Decision Notice for the Walton Lake Restoration Project and Project-Specific Forest Plan Amendments. Granting a stay as part of the issuance of any such order would allow BMBP to obtain meaningful appellate

---

[1] Albeit unusual, BMBP files this conditional motion, along with its alternative conditional motion for an injunction pending appeal, so that the Court can more fully consider its procedural options while it is considering how to rule on BMBP's concurrently-filed Motion for Remand and Partial Vacatur and the Service's Motion to Dissolve Preliminary Injunction (ECF 84).

review (or at least to seek an injunction pending appeal from the Ninth Circuit), while a denial, absent other judicial action, would allow the Service to implement and compete the challenged Project, thus mooting BMBP's appeal. For the reasons discussed in BMBP's Conditional Motion for Injunction Pending Appeal, filed concurrently herewith, absent a stay or the grant of an injunction pending an appeal by this Court, irreparable harm to BMBP's interests is imminent if the commercial logging at Walton Lake is allowed to proceed.

BMBP respectfully requests expedited consideration and that the Court rule on this motion on or before Friday, October 28, 2022. If a stay or injunction pending appeal is not imposed by that date, and the preliminary injunction is lifted, the implementation of active logging at Walton Lake will quickly moot BMBP's appeal.

## MEMORANDUM IN SUPPORT

### BACKGROUND

BMBP incorporates by reference the Background discussion provided with BMBP's Conditional Motion for Injunction Pending Appeal, file concurrently herewith, found on pages 1–2 of that document.

### STANDARD OF REVIEW

The Federal Rules of Appellate Procedure contemplate that parties will first seek a stay pending appeal from the district court before seeking similar relief from the Court of Appeals. Fed. R. App. P. 8(a)(1)(A). When evaluating whether to issue a stay, courts consider:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Leiva-Perez v. Holder*, 640 F.3d 962, 964 (9th Cir. 2011) (quoting *Nken v. Holder,* 556 U.S. 418, 434 (2009)). Similar to the analytical framework for preliminary injunctions, "courts balance the various stay factors once they are established." *Leiva-Perez,* 640 F.3d at 965–66 (discussing the propriety and flexibility of the "balancing" approach in the stay context and drawing parallels to the preliminary injunction context). "If anything, a flexible [sliding scale] approach is even *more* appropriate in the stay context [than in the preliminary injunction context]." *Id.* at 966 (emphasis in original).

> Whereas "the extraordinary remedy of injunction" is the means by which a court "directs the conduct of a party…with the backing of its full coercive powers," a stay operates only "upon the judicial proceeding itself…either by halting or postponing some portion of the proceeding, or by temporarily divesting an order of enforceability." In other words, although "[a] stay pending appeal certainly has some functional overlap with an injunction," stays are typically less coercive and less disruptive than are injunctions.

*Id.* (internal citations omitted) (quoting *Nken*, 129 S.Ct. at 1757–58, 556 U.S. at 428).

MEMORANDUM IN SUPPORT OF PLAINTIFF'S CONDITIONAL          1
MOTION FOR STAY

In the stay context (and equally applicable to the injunction pending appeal context), the Ninth Circuit's standard for likelihood of success on the merits is set forth in *Leiva-Perez.* 640 F.3d at 966–68. After reviewing a number of cases articulating varying formulations of the standard, including "reasonable probability" of success, "fair prospect" of success, "substantial case on the merits," "serious legal questions," *id.* at 967–68, the court concludes that "these formulations are essentially interchangeable, and … *none of them demand a showing that success is more likely than not*." *Id.* at 968 (emphasis added). While "[m]ore than a mere possibility of relief is required," *Nken,* 556 U.S. at 434*,* "[w]hat is clear, however, is that to justify a stay, petitioners need not demonstrate that it is more likely than not that they will win on the merits." *Leiva-Perez,* 640 F.3d at 968.

## ARGUMENT

Here, a stay pending appeal is warranted because BMBP has demonstrated a substantial case for relief on the merits (or, per *Leiva-Perez*, a "reasonable probability" or "fair prospect" of success on the merits, or the raising of "serious legal questions"), and because the irreparable harm, balance of equities, and public interest factors still weigh in favor of BMBP, just as they did when the Court issued the preliminary injunction in this case. ECF 58 & 60. Moreover, and critically, a stay pending appeal or other court action is necessary to preserve BMBP's legal rights to secure meaningful appellate review. Thus, BMBP satisfies all four stay factors identified in *Leiva-Perez*, 640 F.3d at 964 and *Nken,* 556 U.S. at 434, and an injunction pending appeal is appropriate.

To avoid duplication, BMBP hereby incorporates by reference the argument section of its concurrently-filed Conditional Motion for Injunction Pending Appeal. As discussed there, BMBP has demonstrated a substantial case for relief on the merits on appeal, BMBP will suffer

irreparable harm in the absence of a stay or an injunction pending appeal, the balance of equities tip sharply in BMBP's favor, and the public interest weighs in BMBP's favor, just as they did at the preliminary injunction stage of this litigation.

## CONCLUSION

For the reasons discussed above, the Court should grant Plaintiff's Conditional Motion for Stay to prevent irreparable harm to Plaintiff and to preserve Plaintiff's legal rights to appellate review. The stay should be incorporated directly into any order dissolving the preliminary injunction and should apply for the pendency of any appeal or, at a minimum, for a time certain such as 60 days, which will allow BMBP to seek appropriate injunctive relief pending appeal from the Ninth Circuit Court of Appeals.

Dated: October 23, 2022.

                                  Respectfully submitted,

                                  *s/Tom Buchele*
                                  Tom Buchele, OSB No. 081560
                                  Earthrise Law Center
                                  Lewis & Clark Law School
                                  10101 S. Terwilliger Blvd.
                                  Portland OR 97219-7799
                                  Telephone: 503-768-6736
                                  Fax: 503-768-6642
                                  E-mail: tbuchele@lclark.edu

                                  *s/Jesse Buss*
                                  Jesse A. Buss, OSB # 122919
                                  411 Fifth Street
                                  Oregon City OR 97045-2224
                                  Tel: 503-656-4884
                                  Fax: 503-608-4100
                                  Email: jesse@WLGpnw.com

                                  Attorneys for Plaintiff Blue Mountains Biodiversity Project